**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| IN RE STAR SCIENTIFIC, INC. | ) | Master File No.: 3:13-CV-0183-JAG |
| SECURITIES LITIGATION | ) | |
| | ) | <u>CLASS ACTION</u> |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

<u>**ANSWER OF STAR SCIENTIFIC, INC., ROCK CREEK PHARMACEUTICALS, INC.,**</u>
<u>**PAUL L. PERITO, PARK A. DODD, AND CURTIS WRIGHT TO CONSOLIDATED**</u>
<u>**AMENDED COMPLAINT**</u>

Defendants Star Scientific, Inc. ("Star Scientific" or the "Company"), Rock Creek

Pharmaceuticals, Inc. ("Rock Creek"), Paul L. Perito, Park A. Dodd, III, and Curtis Wright,

(collectively "Defendants"), by counsel, state as follows for their Answer to the Consolidated

Amended Complaint (the "Complaint"):

**I.     INTRODUCTION**

1.     Defendants admit that the Complaint purports to allege violations of the securities

laws on behalf of a class of plaintiffs, but deny that they committed any such violations and

deny any remaining allegations in paragraph 1 of the Complaint.

2.     Defendants admit that Star Scientific has developed and/or caused to be

manufactured nutritional supplements and cosmetic products, and that it has recently focused its

efforts on the Anatabloc® line, but deny any remaining allegations in paragraph 2 of the

Complaint.

3.     Defendants admit that the Company has not received U.S. Food and Drug

Administration ("FDA") approval for its products, but aver that such approval is not required

for its dietary supplements and cosmetic products.  Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4.        Defendants deny the allegations in paragraph 4 and subparagraphs 4(a) and 4(b) of the Complaint.

5.        Defendants deny the allegations in paragraph 5 of the Complaint.

6.        Defendants deny the allegations in paragraph 6 of the Complaint.

7.        Defendants admit that www.thestreet.com published an article referencing Star Scientific on or about January 23, 2013.  Defendants further state that the article speaks for itself and deny any summaries or characterizations of the article that are inconsistent with the contents thereof.  Defendants deny that the article exposed the "truth" and deny the remaining allegations in paragraph 7 of the Complaint.

8.        Defendants deny the allegations in the first sentence of paragraph 8 of the Complaint.  Defendants admit that the Company recorded certain losses as detailed in its filings with the United States Securities and Exchange Commission ("SEC"), but deny the remaining allegations in paragraph 8 of the Complaint.

9.        Defendants deny the allegations in paragraph 9 of the Complaint.

10.        Defendants admit that the Company's stock price rose above $5 at a certain point in 2011, but deny all remaining allegations in paragraph 10 of the Complaint.

11.        Defendants admit that Mr. Williams has been named in certain filings by the SEC and the Massachusetts Securities Division in the past, but deny the remaining allegations in paragraph 11 of the Complaint.

12.        Defendants admit that one or more 2013 *Washington Post* articles discussed Mr. Williams and/or the then-Virginia Governor and his wife.  Defendants further state that these

articles speak for themselves and deny plaintiff's summaries and characterizations of the article(s) to the extent that they are inconsistent with the content thereof.  Defendants state that the March 18, 2013, Form 10-K speaks for itself and deny any allegations inconsistent therewith, and deny all remaining allegations in paragraph 12 of the Complaint.

13.     Defendants deny the allegations in paragraph 13 of the Complaint.

## II.     JURISDICTION AND VENUE

14.     The allegations in paragraph 14 of the Complaint state legal conclusions that do not require a response from Defendants.  To the extent a response is required Defendants deny the allegations in paragraph 14 of the Complaint, except to state that the Complaint purports to assert claims under the Securities Exchange Act of 1934, over which this Court has subject matter jurisdiction.

15.     The allegations in paragraph 15 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny the allegations in paragraph 15 of the Complaint.

16.     Defendants admit that Star Scientific has its corporate headquarters at 4470 Cox Road, Suite 110, Glen Allen, Virginia.  The remaining allegations in paragraph 16 of the Complaint state legal conclusions that do not require a response from Defendants.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17.     The allegations in paragraph 17 of the Complaint state legal conclusions that do not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations in paragraph 17 of the Complaint.

### III.    PARTIES

18.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the lead plaintiff's stock purchases.  Defendants deny any remaining allegations in paragraph 18 of the Complaint.

19.    Defendants admit that Star Scientific and/or its subsidiaries develop branded products but deny the remaining allegations in paragraph 19 of the Complaint.

20.    Defendants admit that Rock Creek is a wholly owned subsidary of Star Scientific and admits that Rock Creek currently sells (among other products) two nutraceutical supplements, Anatabloc® and CigRx®.

21.    Defendants admit that Mr. Perito was formerly, but no longer serves as Star Scientific's COO, Chairman of Star Scientific's Board, and Chairman and CEO of Rock Creek Pharmaceuticals.

22.    Defendants admit that Mr. Williams was formerly Star Scientific's CEO, but deny that he continues to hold that office.

23.    Defendants admit that Mr. Dodd is Star Scientific's CFO.

24.    Defendants admit that Dr. Wright is Star Scientific's Senior Vice President and Medical/Clinical Director.

25.    Paragraph 25 of the Complaint requires no response from Defendants.  To the extent a response is required, Defendants deny the allegations in paragraph 25 of the Complaint.

26.    Defendants deny the allegations in paragraph 26 of the Complaint.

## IV.     BACKGROUND

### A. Defendant Williams' Prior Business Ventures

27.     Defendants state that paragraph 27 consists of irrelevant characterizations of Mr. Williams' past business ventures.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.     Defendants state that paragraph 28 consists of irrelevant characterizations of Mr. Williams' past business ventures.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29.     Defendants state that paragraph 29 consists of irrelevant characterizations of Mr. Williams' past business ventures.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30.     Defendants state that paragraph 30 consists of irrelevant characterizations of Mr. Williams' past business ventures.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31.     Defendants state that paragraph 31 consists of irrelevant characterizations of Mr. Williams' past business ventures.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.     Defendants state that paragraph 32 consists of irrelevant characterizations of Mr. Williams' past business ventures.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33.     Defendants state that paragraph 33 consists of irrelevant characterizations of Mr. Williams' past business ventures.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34.     Defendants state that paragraph 34 consists of irrelevant characterizations of Mr. Williams' past business ventures.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

**B.  Formation of Star Scientific**

35.     Defendants admit that Star Tobacco, Inc. was formed in or around 1990, is a subsidiary of the Company, and operated as a manufacturer of tobacco products.  Defendants further admit that, at one point, Mr. Williams served as Star Tobacco's chief operating officer and executive vice president, and later as the Company's chief executive officer.  Defendants deny plaintiff's summary and characterizations of Mr. Williams' statements to the extent they are inconsistent therewith.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35.

36.     The court documents referenced in paragraph 36 of the Complaint speak for themselves, and Defendants deny plaintiff's summaries and characterizations of those documents to the extent they are inconsistent with the contents thereof.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint.

37.     Defendants admit that, at one time, Star Tobacco manufactured cigarettes for other companies in addition to offering its own brand of cigarettes.  Defendants further admit that Star Tobacco at one time developed the smokeless tobacco products Ariva® and Stonewall Hard Snuff®.  Defendants further admit that, in or around 2012, Star Tobacco ceased manufacturing smokeless tobacco products.  Defendants further state that the Company regularly reported its financial results.  Defendants deny any and all further allegations of paragraph 37 of the Complaint.

38.     Defendants admit that the Company brought a lawsuit against RJR in or around 2001.  Defendants further state that the court documents in the case speak for themselves, and Defendants deny any summaries or characterizations of the documents that are inconsistent with the contents thereof.  Defendants are without knowledge or information sufficient to form a belief about the truth or accuracy of the quotation attributed to equity analyst Elliot Favrus.  Defendants deny any remaining allegations in paragraph 38 of the Complaint.

39.     Defendants state that the referenced court orders speak for themselves, and Defendants deny any summaries or characterizations of such orders that are inconsistent with the contents thereof.  Defendants deny any remaining allegations in paragraph 39 of the Complaint.

40.     Defendants admit that the validity of Star Scientific's patents was confirmed by the PTO, and state that Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 40 of the Complaint.

**C.  The New Star Scientific**

41.     Defendants admit that Rock Creek was formed as a subsidiary of Star Scientific in 2007 and that it currently manufactures nutraceutical dietary supplements and cosmetic products.  Defendants further admit that nutraceuticals do not require FDA approval.  Defendants deny the remaining allegations in paragraph 41 of the Complaint.

42.     Defendants admit that CigRx® was developed by 2009 as a means to temporarily reduce the urge to smoke, state that the Company's sales and SEC filings speak for themselves, and deny the remaining allegations in paragraph 42 of the Complaint.

**D.  Star Scientific's Deteriorating Financial Picture**

43.     Defendants state that the referenced SEC filings speak for themselves and deny any allegations inconsistent with the contents thereof.  Defendants admit that Star Scientific

7

received a notice from NASDAQ regarding the Company's listing on the NASDAQ market, admit that the Company's stock price rebounded, and admit that there were certain reductions in the size of the Company's workforce in 2012, but deny any further allegations in paragraph 43 of the Complaint.

**E.  Launching of Anatabloc®**

44.     Defendants admit that Anatabloc® contains anatabine, a naturally occurring alkaloid found in members of the Solanacea family of plants, and vitamins A and D3, but deny the remaining allegations in paragraph 44 of the Complaint.

45.     Defendants admit that Anatabloc® sales commenced in August 2011, that Anatabloc® is sold on the Company's website and in GNC stores, and that the Company retained several professional athletes to endorse the product.  Defendants state that the referenced SEC filing speaks for itself and deny any remaining allegations in paragraph 45 of the Complaint.

**F.  Star Scientific's Collaboration With the Roskamp Institute in Testing Anatabloc®**

46.     Defendants admit that Rock Creek and the Roskamp Institute conducted research prior to launching Anatabloc® and that Robert Roskamp invested in Star Scientific.  Defendants state the referenced press release, SEC filings, and agreement speak for themselves and deny any remaining allegations in paragraph 46 of the Complaint.

47.     Defendants admit that Rock Creek and the Roskamp Institute conducted research, state that the published results of the research speak for themselves, and deny any summary and characterizations of the published research results that are inconsistent with the contents thereof. Defendants deny the remaining allegations in paragraph 47 of the Complaint.

### G. Virginia Governor's Promotion of Anatabloc®

48.     Defendants admit that Star Scientific promoted its Anatabloc® product. Defendants, except for Mr. Dodd (who is without knowledge or information sufficient to form a belief about the truth of the allegation), admit that an event at which Mrs. McDonnell spoke was held at Roskamp.  Defendants deny the remaining allegations in paragraph 48 of the Complaint.

49.     Defendants admit that a press release announced the launch of Anatabloc®, state that the contents of the press release speak for themselves, and deny plaintiff's summaries and characterizations of the press release to the extent that they are inconsistent with the contents thereof.  Defendants are without knowledge or information sufficient to form a belief about the truth or the accuracy of the purported quotation from John Clore.  Defendants deny the remaining allegations in paragraph 49 of the Complaint.

50.     Defendants state that the referenced newspaper article speaks for itself, and that they are without knowledge or information sufficient to form a belief about the truth or accuracy of the quotation referenced in paragraph 50 of the Complaint.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 50 of the Complaint.

51.     Defendants state that the referenced newspaper article speaks for itself and deny plaintiff's summary and characterizations of the article to the extent they are inconsistent with the contents thereof.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 51 of the Complaint.

**H. Star Scientific's Scheme to Falsely Promote John Hopkins as Being Involved in Studying Anatabloc®**

52. Defendants admit that Dr. Ladenson and Dr. Caturegli have been consultants to Star Scientific, admit that the Company did not disclose the precise terms of the consulting agreements, but aver that the consulting agreements were publicly disclosed to the market before the Plaintiff purchased her shares of stock in the Company. Defendants deny the remaining allegations of paragraph 52 of the Complaint.

**1.  The Animal Study**

53. Defendants admit that Dr. Ladenson and Dr. Caturegli were professors at Johns Hopkins, that they were among the Johns Hopkins scientists who conducted the Animal Study, and admit that the Company provided anatabine for the study. Defendants deny the remaining allegations in paragraph 53 of the Complaint.

54. Defendants state the referenced article speaks for itself and deny plaintiff's summaries and characterizations of the article to the extent that they are inconsistent with the contents thereof. Defendants state that data about the Company's stock price is publicly available and deny plaintiff's allegations regarding the stock price to the extent they are inconsistent with the publicly available data. Defendants deny the remaining allegations in paragraph 54 of the Complaint.

55. Defendants admit that Dr. Ladenson and Dr. Caturegli were professors at Johns Hopkins, and deny any remaining allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint, except to state that Defendants admit that the Company issued certain press releases, the contents of which speak for themselves.

57.     Defendants, except for Mr. Dodd (who is without knowledge or information sufficient to form a belief about the truth of the allegation), admit that Dr. Ladenson presented his findings at a scientific conference in Newport Beach.  Defendants deny that Dr. Ladenson and Dr. Caturegli gave misleading impressions to investors.  Defendants state that the report attributed to Dr. Faessel speaks for itself, and deny the remaining allegations in paragraph 57 on the Complaint.

58.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the impact of the report attributed to Dr. Faessel on Star Scientific's stock price.  Defendants state that the Company's stock price is publicly available and deny plaintiff's allegations to the extent they are inconsistent with the publicly available stock prices.  Defendants deny any remaining allegations in paragraph 58 of the Complaint.

59.     Except for Mr. Dodd (who is without knowledge or information sufficient to form a belief about the truth of this allegation), Defendants admit that Mr. Williams attended an event at Roskamp.  Defendants deny any remaining allegations in paragraph 59 of the Complaint.

60.     Defendants state that the Richmond Times article speaks for itself and deny plaintiff's summaries and characterizations of the article to the extent they are inconsistent with the contents thereof.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the statements made by the unidentified people referenced in paragraph 60 of the Complaint.  Defendants deny any remaining allegations in paragraph 60 of the Complaint.

## 2.     The Human Study

61.     Defendants admit that Star Scientific initiated a trial of Anatabloc® in 2012.  Defendants state the company's press releases and other public statements speak for themselves,

deny that the Company failed to make any required disclosures or that it gave the public a misleading view, and deny plaintiff's summaries and characterizations of Star Scientific's public statements to the extent they are inconsistent with the contents thereof.  Defendants deny any remaining allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations regarding misleading information and lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 relating to the views of investors and analysts.  Defendants state that reports attributed to Bradley and Dr. Faessel speak for themselves and deny plaintiff's summaries and characterizations of the reports to the extent they are inconsistent with the contents thereof. Defendants deny any remaining allegations in paragraph 62 of the Complaint.

63.     Defendants lack knowledge or information sufficient to form a belief about the allegations regarding the degree or reasons or whether investors and consumers placed importance on the results of the Human Study.  Defendants state that the referenced newspaper articles speak for themselves and deny plaintiff's summaries and characterizations of the reports to the extent they are inconsistent with the contents thereof.  Defendants deny any remaining allegations in paragraph 63 of the Complaint.

64.     Defendants deny misleading investors, state that the report attributed to Bradley speaks for itself, and deny plaintiff's summaries and characterizations of the report to the extent they are inconsistent with the contents thereof.  Defendants deny any remaining allegations in paragraph 64 of the Complaint.

65.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 of the Complaint relating to the attention and focus of investors and analysts, or the potential impact of the Human Study.  Defendants state that the

Gilford report speaks for itself and deny plaintiff's summaries and characterizations of the report to the extent they are inconsistent with the contents thereof.  Defendants deny any remaining allegations in paragraph 65 of the Complaint.

66.     Defendants state the Gilford report speaks for itself and deny plaintiff's summaries and characterizations of the report to the extent they are inconsistent with the contents thereof.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations relating to the author's understanding of the import of the Human Study. Defendants deny any remaining allegations in paragraph 66 of the Complaint.

67.     Defendants state that the referenced statements, report, and article speak for themselves, and Defendants deny plaintiff's summaries and characterizations of the report to the extent they are inconsistent with the contents thereof.  Defendants deny any remaining allegations in paragraph 67 of the Complaint.

68.     Defendants admit that Star Scientific announced preliminary results of the Human Study on or about January 7, 2013, and that it issued a press release that quoted Dr. Ladenson. Defendants deny any allegations inconsistent with the announcement and press release, which speak for themselves.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations relating to the impact that the announcement of the preliminary results had upon Star Scientific's stock price.  Defendants deny any remaining allegations in paragraph 68 of the Complaint.

**I.   U.S. Department of Justice Subpoenas**

69.     Defendants admit that, in late January and February of 2013, Star Scientific, Star Scientific directors, and others received subpoenas from the United States Attorney's Office for the Eastern District of Virginia seeking documents.  Defendants admit that the receipt of such

subpoenas by the Company and some of its directors was disclosed in the Company's Form 10-K filing, but deny any allegations of alleged fraud and deny any remaining allegations in paragraph 69 of the Complaint.

## V.   DEFENDANTS' FALSE AND MISLEADING STATEMENTS ISSUED DURING THE CLASS PERIOD

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants admit that Star Scientific filed a quarterly report on Form 10-Q on or about May 10, 2011, that disclosed developments of its Anatabloc® research and its collaboration with the Roskamp Institute, and state the Form 10-Q speaks for itself.  Defendants deny any remaining allegations in paragraph 71 of the Complaint.

72.     Defendants admit that Star Scientific's prior SEC filings disclosed its relationship with the Roskamp Institute and admit that Mr. Williams and Mr. Dodd signed certain certifications in connection with the company's Form 10-Q for the period ending March 31, 2011.  Defendants deny that Star Scientific's Form 10-Q contained misleading statements or omissions and deny any remaining allegations in paragraph 72 of the Complaint.

73.     Defendants admit that Star Scientific filed a quarterly report on Form 10-Q on or about August 9, 2011, and state the Form 10-Q speaks for itself.  Defendants deny any remaining allegations in paragraph 73 of the Complaint.

74.     Defendants admit that Star Scientific's prior SEC filings disclosed its relationship with the Roskamp Institute and admit that Mr. Williams and Mr. Dodd signed certain certifications in connection with the Company's Form 10-Q for the period ending June 30, 2011. Defendants deny that Star Scientific's Form 10-Q contained misleading statements or omissions and deny any remaining allegations in paragraph 74 of the Complaint.

75.     Defendants admit that Star Scientific and Rock Creek issued the referenced press release on October 18, 2011, which press release speaks for itself.  Defendants deny that the press release contained any misleading statements and deny any remaining allegations in paragraph 75 of the Complaint.

76.     Defendants deny that Star Scientific's press release is materially misleading. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to beliefs of equity analysts and avid investors.  Defendants deny any remaining allegations in paragraph 76 of the Complaint.

77.     Defendants admit that Star Scientific and Rock Creek issued the referenced press release on October 31, 2011, which press release speaks for itself.  Defendants deny that the press release contained any misleading statements and deny any remaining allegations in paragraph 77 of the Complaint.

78.     Defendants deny that Star Scientific's press release is materially misleading. Defendants lack knowledge or information sufficient to form a belief as to allegations relating to the beliefs of equity analysts and avid investors, and deny any remaining allegations in paragraph 78 of the Complaint.

79.     Defendants admit that Star Scientific filed a quarterly report on Form 10-Q on or about November 9, 2011, and state the Form 10-Q speaks for itself.  Defendants deny any remaining allegations in paragraph 79 of the Complaint.

80.     Defendants admit that Star Scientific's prior SEC filings disclosed its relationship with the Roskamp Institute and admit that Mr. Williams and Mr. Dodd signed certain certifications in connection with the company's Form 10-Q for the period ending September 30,

2011.  Defendants deny that Star Scientific's Form 10-Q contained misleading statements or omissions and deny any remaining allegations in paragraph 80 of the Complaint.

81.     Defendants admit that Star Scientific issued the referenced press release on or about November 9, 2011, which press release speaks for itself.  Defendants deny that the press release contained any misleading statements and deny any remaining allegations in paragraph 81 of the Complaint.

82.     Defendants deny that Star Scientific's press release is materially misleading. Defendants lack knowledge or information sufficient to form a belief as to allegations relating to the beliefs of equity analysts and avid investors and deny any remaining allegations in paragraph 82 of the Complaint.

83.     Defendants admit that Star Scientific filed a form 10-K on March 15, 2012, which filing speaks for itself.  Defendants deny that Star Scientific's Form 10-K made false and misleading statements and deny any remaining allegations in paragraph 83 of the Complaint.

84.     Defendants deny that Star Scientific's 2011 Form 10-K is materially misleading. Defendants admit that Mr. Williams and Mr. Dodd signed certain certifications in connection with the company's 2011 Form 10-K.  Defendants deny that Star Scientific's Form 10-K contained misleading statements or omissions and deny any remaining allegations in paragraph 84 of the Complaint.

85.     Defendants admit that Star Scientific issued the referenced press release on June 27, 2012, which press release speaks for itself.  Defendants deny that the press release contained false and misleading statements and deny any remaining allegations in paragraph 85 of the Complaint.

86.     Defendants deny the allegations in paragraph 86 of the Complaint.

87.     Defendants lack knowledge or information sufficient to form a belief as to allegations regarding the beliefs of equity analysts and avid investors and deny the remaining allegations in paragraph 87 of the Complaint.

88.     Defendants admit that Star Scientific filed a report on Form 10-Q for the period ending September 30, 2012, which form 10-Q speaks for itself.  Defendants deny any remaining allegations in paragraph 88 of the Complaint.

89.     Defendants admit that Star Scientific's SEC filings disclosed the Company's relationship with the Roskamp Institute, but deny the remaining allegations in paragraph 89 of the Complaint.

90.     Defendants admit that Star Scientific issued the referenced press release on January 7, 2013, which press release speaks for itself.  Defendants deny that the press release contained misleading statements and deny any remaining allegations in paragraph 90 of the Complaint.

91.     Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations relating to the beliefs and understandings of equity analysts.  Defendants admit that certain published reports have been attributed to Bradley.  These reports speak for themselves, and Defendants deny plaintiff's summaries and characterizations of the reports to the extent they are inconsistent with the contents thereof.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Bradley's beliefs or understandings, and deny any remaining allegations in paragraph 92 of the Complaint.

93.     Defendants admit that certain reports, articles, and studies about the Company have been attributed to Dr. Faessel.  Defendants lack knowledge or information sufficient to

form a belief about the truth of the allegations concerning Dr. Faessel's beliefs, and deny any remaining allegations in paragraph 93 of the Complaint.

## VI.     THE TRUTH IS REVEALED

94.     Defendants admit that, on or about January 23, 2013, an article regarding the Company appeared on www.thestreet.com.  The article speaks for itself, and Defendants deny plaintiff's summaries and characterizations of the article to the extent they are inconsistent with the contents thereof.  Defendants deny that the article is accurate, deny that Star Scientific misled investors, deny that the article revealed or disclosed any facts for the first time, and deny any remaining allegations in paragraph 94 of the Complaint.

95.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding the effect the *The Street* article had on Star Scientific's stock price.  Defendants deny any remaining allegations in paragraph 95 of the Complaint.

96.     Defendants admit that Star Scientific issued a press release on January 28, 2013, that addressed the article in *The Street*, which press release speaks for itself.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding what investors apparently felt about the press release.  Defendants deny any remaining allegations in paragraph 96 of the Complaint.

97.     Defendants deny making any false statements and deny that Star Scientific's stock traded at artificially inflated levels.  Defendants admit that its stock price has traded above $3 per share, and that it reached $5.21 per share on May 31, 2011.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to industry observers and equity analysts.  Defendants deny any remaining allegations in paragraph 97 of the Complaint.

98.     Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Bradley's opinions and conclusions.  Defendants further state that the content of any report attributed to Bradley on August 1, 2012, speaks for itself, and Defendants deny plaintiff's summaries and characterizations of the report to the extent they are inconsistent with the contents thereof.  Defendants deny any remaining allegations in paragraph 98 of the Complaint.

## VII.   LOSS CAUSATION

99.     Defendants deny the allegations in paragraph 99 of the Complaint.

100.    Defendants deny the allegations in paragraph 100 of the Complaint.

101.    Defendants deny the allegations in paragraph 101 of the Complaint.

102.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the graph referenced in paragraph 102 of the Complaint. Defendants deny the remaining allegations in paragraph 102 of the Complaint.

103.    Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations included in the chart referenced in paragraph 103 of the Complaint.  Defendants deny the remaining allegations in paragraph 103 of the Complaint.

104.    Defendants deny the allegations in paragraph 104 of the Complaint.

## VIII.  DEFENDANTS ACTED WITH SCIENTER

105.    Defendants deny the allegations in paragraph 105 of the Complaint.

106.    Defendants admit that Messrs. Dodd, Perito, and Williams, and Dr. Wright were officers and/or directors of the Company or Rock Creek as indicated above.  Defendants deny the remaining allegations in paragraph 106 of the Complaint.

107.    Defendants deny the allegations in paragraph 107 of the Complaint.

**A. Defendant Williams Knew, or Recklessly Disregarded the Fact That Defendants' Public Statements About Johns Hopkins' Involvement in the Animal Study and Human Study Were False, Incomplete, and/or Materially Misleading**

108.    Defendants deny the allegations in paragraph 108 of the Complaint.

109.    Defendants deny the allegations in paragraph 109 of the Complaint.

**B. Defendants' Fraudulent Conduct Was Motivated by the Desperate Need to Obtain Additional Funding and Maintain the Company's Ongoing Operations**

110.    Defendants deny the allegations in paragraph 110 of the Complaint.

**1.      The Company's Need for Significant Financing**

111.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the description of Star Scientific's finances attributed to Bradley.  Defendants incorporate herein their prior responses to the allegations in paragraph 43 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the cause of changes in Star Scientific's stock price. Defendants deny that the allegations in paragraph 111 of the Complaint are accurate or complete descriptions of Star Scientific's sales and finances and, therefore, deny those allegations, and deny any remaining allegations in paragraph 111 of the Complaint.

112.    Defendants deny that the allegations in paragraph 112 of the Complaint are accurate or complete descriptions of Star Scientific's sales and finances and, therefore, deny those allegations and deny any remaining allegations in paragraph 112 of the Complaint.

113.    Defendants deny that the allegations in paragraph 113 of the Complaint are accurate or complete descriptions of Star Scientific's sales and finances and, therefore, deny those allegations, and any remaining allegations in paragraphs 113 of the Complaint.

114.    Defendants state Star Scientific's 2010 Form 10-K speaks for itself and deny any allegations inconsistent therewith, and deny any remaining allegations in paragraph 114 of the Complaint.

115.    Defendants state that Star Scientific's SEC filings speak for themselves and deny any allegations inconsistent therewith, and deny any remaining allegations in paragraph in 115 of the Complaint.

**2.      The Defendants Mislead Investors and the Market in Order to Secure the Funding Necessary to Continue the Company's Operations**

116.    Defendants state that Star Scientific's SEC filings speak for themselves and deny any allegations inconsistent therewith, and deny any remaining allegations in paragraph in 116 of the Complaint.

117.    Defendants deny the allegations in paragraph in 117 of the Complaint.

118.    Defendants deny the allegations in paragraph in 118 of the Complaint.

119.    Defendants state that Star Scientific's SEC filings speak for themselves and deny any allegations inconsistent therewith, and deny any remaining allegations in paragraph 119 of the Complaint.

120.    Defendants state that Star Scientific's SEC filings set forth certain details regarding the terms of the Company's equity financing transactions.  Defendants deny any and all allegations of paragraph 120 of the Complaint that are inconsistent therewith, and deny any remaining allegations in paragraph in 120 of the Complaint, including subparagraphs (a) - (d).

121.    Defendants deny the allegations in paragraphs 121 of the Complaint.

122.    Defendants state that Star Scientific's SEC filings speak for themselves and deny any allegations inconsistent therewith, and deny any remaining allegations in paragraph 122 of the Complaint.

**C.**      **Defendants Were Financially Motivated to Maximize the Trading Price of Star Scientific Securities Given Their Stock, Option, and Warrant Holdings**

123.    Defendants state that Star Scientific's SEC filings speak for themselves and deny any allegations inconsistent therewith, and deny any remaining allegations in paragraph in 123 of the Complaint.

124.    Defendants deny the allegations in paragraphs 124 of the Complaint.

125.    Defendants state that the allegations regarding Star Scientific's finances and the compensation of executives is inaccurate and incomplete and therefore deny those allegations, and deny any remaining allegations in paragraphs 125 of the Complaint.

126.    Defendants state that Star Scientific's SEC filings speak for themselves and deny any allegations inconsistent therewith.  Defendants deny any remaining allegations in paragraph in 126 of the Complaint.

127.    Defendants deny the allegations in paragraph in 127 of the Complaint.

128.    Defendants state that Star Scientific's SEC filings speak for themselves and deny any allegations inconsistent therewith, and deny any remaining allegations in paragraph in 128 of the Complaint.

129.    Defendants deny the allegations in paragraphs 129 of the Complaint.

130.    Defendants deny the allegations in paragraphs 130 of the Complaint.

**IX.     FRAUD-ON-THE MARKET AND THE PRESUMPTION OF RELIANCE**

131.    The allegations in paragraphs 131 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny those allegations.

132.     The allegations in paragraphs 132 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny those allegations.

133.     The allegations in paragraphs 133 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny those allegations.

## X.     NO STATUTORY SAFE HARBOR

134.     Defendants deny making any false or misleading statements.  The allegations in paragraphs 134 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny those allegations.

135.     The allegations in paragraphs 135 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny those allegations.

136.     The allegations in paragraphs 136 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny those allegations.

## XI.     CLASS ACTION ALLEGATIONS

137.     The allegations in paragraphs 137 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny those allegations.

138.     The allegations in paragraphs 138 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny those allegations.

139.     The allegations in paragraphs 139 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny those allegations.

140.     The allegations in paragraphs 140 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny those allegations.

141.     The allegations in paragraphs 141 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny those allegations.

142.     The allegations in paragraphs 142 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny those allegations.

143.     The allegations in paragraphs 143 of the Complaint state legal conclusions that do not require a response from Defendants, but to the extent a response is required, Defendants deny those allegations.

**XII.   COUNT I – AGAINST DEFENDANTS FOR VIOLATION OF SECTION 10(B) OF THE EXCHANGE ACT AND SEC RULE 10B-5**

144.     Defendants incorporate by reference and restate their responses to the allegations of the Complaint.

145.     Defendants deny the allegations in paragraphs 145 of the Complaint.

146.     Defendants deny the allegations in paragraphs 146 of the Complaint.

147.     Defendants deny the allegations in paragraphs 147 of the Complaint.

XIII.  **COUNT II – AGAINST THE INDIVIDUAL DEFENDANTS FOR VIOLATION OF SECTION 20(A) OF THE EXCHANGE ACT**

148.    Defendants incorporate by reference and restate their responses to the allegations of the Complaint.

149.    Defendants deny the allegations in paragraphs 149 of the Complaint.

150.    Defendants deny the allegations in paragraphs 150 of the Complaint.

XIV.  **PRAYER FOR RELIEF**

Defendants deny that the Plaintiff or the proposed class is entitled to any of the relief requested in the Complaint.  Defendants deny any remaining allegations in the Complaint not expressly admitted herein.

## GENERAL DENIAL

Except as otherwise expressly stated in Paragraphs 1-150 above, Defendants deny each and every allegation of the Complaint, including without limitation headings and subheadings, and specifically deny liability to Plaintiff and the putative class, or that Plaintiff or the putative class have suffered any legally cognizable damages for which Defendants are responsible.

**AND NOW**, having fully answered Plaintiffs' Complaint, Defendants state the following affirmative defenses, without assuming the burden of proof as to any such defenses that would otherwise rest with Plaintiff and/or putative class members.  The following affirmative defenses are asserted against both Plaintiff and (should the Court certify a class) the members of the putative class.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because they are not maintainable as a class action. Among other things, Plaintiff has failed to meet the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a), in that the claims of certain putative class members will be subject to unique defenses, and plaintiff will be unable to meet the predominance or superiority requirements of Fed. R. Civ. P. 23(b)(3), which requires (among other things) a showing that the market for the Company's stock was efficient during the relevant period.  In addition, the Supreme Court may overrule the "fraud on the market" presumption in a pending appeal or otherwise, and Defendants therefore aver that no such presumption should be recognized.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the information Plaintiffs claim the Defendants failed to disclose was publicly available information contained in the SEC filings, or other public disclosures, or because the Defendants otherwise had no duty to disclose this information under the federal securities laws.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the information Plaintiffs claim the Defendants failed to disclose was not material.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may become barred by the two-year statute of limitations and five-year period of repose applicable to claims under Section 10(b) and Rule 10b-5 under the Securities Exchange Act of 1934.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to meet the requirements of Fed. R. Civ. P. 9(b) and the Private

Securities Litigation Reform Act of 1995.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because all or part or all of Plaintiff's

alleged damages were caused by external factors and not an alleged misrepresentation for which

the Directors are alleged to be liable.

## EIGHTH AFFIRMATIVE DEFENSE

For, inter alia, similar reasons, Plaintiff has failed to act reasonably to mitigate their

alleged damages, if any.

## NINTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care and acted in good faith, including good faith

conformity with applicable SEC rules, regulations, and orders, and did not directly or indirectly

induce the act or acts constituting the alleged violations or causes of action.  Defendants

therefore are not subject to liability under the federal securities laws.  Securities Exchange Act §

23(a)(1), 15 U.S.C. § 78w(a)(1).

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are limited to only those damages authorized by the Securities Exchange Act of

1934 and the Private Securities Litigation Reform Act of 1995.  Plaintiffs therefore may not

recover damages in excess of those authorized by these statutes or the regulations promulgated

pursuant to these statutes. Plaintiffs would not be entitled under any circumstances to an award

of attorney's fees, costs, or interest incurred prior to the commencement of this action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because some or all of the challenged statements bespoke caution and/or were otherwise protected by the bespeaks caution doctrine and/or were forward-looking statements accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Star Scientific shareholders, including Plaintiff, did not rely on the market price of Star Scientific's securities in making their decision to purchase Star Scientific stock.  For this and other reasons, no "fraud on the market" presumption is appropriate in this case.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Star Scientific traded on an efficient market, it would have been difficult or impossible for any of Defendants to have manipulated the market for Star Scientific stock, and thus plaintiffs' claims are barred in whole or in part.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable under Section 10(b) of the Securities Exchange Act of 1934, Rule 10b-5 promulgated thereunder, or otherwise for any statements not made by Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because, at the time Plaintiff acquired the securities in question, Plaintiff knew of or did not rely upon the alleged untruths, omissions, or manipulative conduct that form the basis of this action.  Alternatively, Plaintiff learned of the

alleged untruths, omissions, or manipulative conduct that form the basis of this action after

acquiring the securities in question, but nonetheless continued to hold such securities.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the individual defendants in this

action are not primarily liable, and Plaintiff has not alleged and cannot establish that the

Company is liable absent such primary individual liability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff, if any, is limited to the

percentage of responsibility of Defendants in proportion to the total fault of all persons who

caused or contributed to Plaintiff's alleged damages pursuant to the proportionate liability

provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. §

78u-4(f)(3)(A).

WHEREFORE, having fully answered the Complaint in this action, Defendants

respectfully request: (i) that the Complaint be dismissed in its entirety; (ii) that the Court enter a

judgment in favor of the Defendants and against Plaintiff; (iii) an award to the Defendants their

costs, including discretionary costs, and attorneys' fees; and (iv) such other relief as the Court

deems just and proper.

Dated: January 24, 2014

Respectfully Submitted,

**STAR SCIENTIFIC, INC., ROCK CREEK PHARMACEUTICALS, INC., PAUL L. PERITO, PARK A. DODD, III, AND CURTIS WRIGHT**

_____/s/_____

M. F. Connell Mullins, Jr. (VSB No. 47213)
Email: cmullins@spottsfain.com
Edward E. Bagnell, Jr. (VSB No. 74647)
Email: ebagnell@spottsfain.com
Spotts Fain PC
411 E. Franklin Street
Suite 600
Richmond, VA 23219
Telephone: (804) 697-2077
Facsimile: (804) 697- 2177
*Counsel for Star Scientific, Rock Creek, Paul L. Perito, Park A. Dodd, III, and Curtis Wright*

Charles Lee Eisen, *Admitted Pro Hac Vice*
Nicholas G. Terris, *Admitted Pro Hac Vice*
Amy J. Eldridge (VSB No. 77873)
K&L GATES LLP
1601 K Street, N.W.
Washington, D.C.  20006-1600
Telephone: (202) 778-9000
Facsimile: (202) 778-9100
Email: Charles.Eisen@klgates.com
Email: Nicholas.Terris@klgates.com
Email: Amy.Eldridge@klgates.com
*Counsel for Star Scientific, Rock Creek, Paul L. Perito, Park A. Dodd, III, and Curtis Wright*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing (NEF) to the following:

Collin J. Hite (VSB #33869)
Franklin R. Cragle, III (VSB #78398)
Hirschler Fleischer, P.C.
2100 E. Cary St.
P.O. Box 500
Richmond, VA 23218-0500
Telephone: (804) 771-9500
Facsimile: (757) 644-0957
Email: chite@hf-law.com
Email: fcragle@hf-law.com
*Lead Counsel for Lead Plaintiff Nancy Lopes,*
*the Proposed Class, and Marty Cole*

Edward B. Gerard (*pro hac vice*)
Brian J. Robbins (*pro hac vice*)
Gregory Del Gazio (*pro hac vice*)
Justin D. Rieger (*pro hac vice*)
Stephen J. Oddo (*pro hac vice*)
Robbins Arroyo LLP
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Fax: (619) 525-3991
Email: egerard@robbinsarroyo.com
Email: brobbins@robbinsarroyo.com
Email: gdelgaizo@robbinsarroyo.com
Email: jrieger@robbinsarroyo.com
Email: soddo@robbinsarroyo.com
*Lead Counsel for Lead Plaintiff Nancy Lopes,*
*the Proposed Class, and Marty Cole*

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7291
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
*Counsel for STSI Investor Group*

Michael F. Imprevento
BREIT DRESCHER IMPREVENTO &
WALKER
Towne Pavilion Center II
600 22nd St, Suite 402
Virginia Beach, VA 23451
Telephone: (757) 670-3884
Facsimile: (757) 299-8035
Email: mimprevento@breitdrescher.com
*Counsel for Francis J. Reuter*

Marc I. Gross
Lesley F. Portnoy
Jeremy A. Lieberman
POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP
600 Third Ave., 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: migross@pomlaw.com
Email: lfportnoy@pomlaw.com
Email: jalieberman@pomlaw.com
*Counsel for Francis J. Reuter*

Patrick V. Dahlstrom
POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com
*Counsel for Francis J. Reuter*

Reed R. Kathrein
Peter E. Borkon
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com
Email: peterb@hbsslaw.com
*Counsel for STSI Investor Group*

Andrew George Simpson
THE SIMPSON LAW FIRM, PLLC
1921 Gallows Road, Suite 750
Vienna, VA 22182
Telephone:  (703) 548-3900
Facsimile:  (703) 883-0899
Email: andrew@andrewsimpson.com
*Counsel for movant STSI Investor Group*

Nathan M. Cihlar
STRAUS & BOIES, LLP
4041 University Drive, 5th Floor
Fairfax, VA 22030
Telephone:  (703) 764-8700
Facsimile:  (703) 764-8704
ncihlar@straus-boies.com
*Counsel for STSI Investor Group*

Philip Kim
THE ROSEN LAW FIRM PA
275 Madison Ave, 34th Floor
New York, NY 10016
Telephone:  (212) 686-1060
Facsimile:  (212) 202-3827
Email: pkim@rosenlegal.com
*Counsel for Francis J. Reuter*

Peretz Bronstein
BRONSTEIN GEWIRTZ & GROSSMAN LLP
600 E 42 Street, Suite 4600
New York, NY 10165
Telephone:  (212) 697-6484
Facsimile:  (212) 697-7296
Email: peretz@bgandg.com
*Counsel for Francis J. Reuter*

Richard Cullen (VSB No. 16765)
Anne Whittemore (VSB No. 09221)
Anne B. McCray (VSB No. 42209)
Ryan E. Bonistalli (VSB No. 76517)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Telephone: (804) 775-1000
Facsimile: (804) 775-1065
Email: rcullen@mcguirewoods.com
Email: awhittemore@mcguirewoods.com
Email: amccray@mcguirewoods.com
Email: rbonistalli@mcguirewoods.com
*Counsel for Defendant Jonnie R. Williams, Sr.*

_____**/s/**_____
M. F. Connell Mullins, Jr. (VSB # 47213)
Email: cmullins@spottsfain.com
Edward E. Bagnell, Jr. (VSB # 74647)
Email: ebagnell@spottsfain.com

Spotts Fain PC
411 E. Franklin Street
Suite 600
Richmond, VA 23219
Telephone: (804) 697-2077
Facsimile: (804) 697-2177
*Counsel for Star Scientific, Rock Creek,*
*Paul L. Perito, Park A. Dodd, III, and Curtis Wright*