**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| IN RE STAR SCIENTIFIC, INC. | ) | Master File No.: 3:13-CV-0183-JAG |
| SECURITIES LITIGATION | ) | |
| | ) | CLASS ACTION |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

### ANSWER OF JONNIE R. WILLIAMS, SR. TO CONSOLIDATED AMENDED COMPLAINT

Defendant Jonnie R. Williams, Sr. ("Defendant"), by counsel, states as follows for his

Answer to the Consolidated Amended Complaint (the "Complaint") filed by Lead Plaintiff

Nancy Lopes ("Plaintiff"):

## I.     INTRODUCTION

1.     Defendant admits that the Complaint purports to allege violations of the securities

laws on behalf of all persons who purchased or otherwise acquired the publicly traded securities

of Star Scientific, Inc. ("Star Scientific" or the "Company") between May 10, 2011, and January

23, 2013.  Defendant denies that he committed any alleged violations in Paragraph 1 of the

Complaint.  Defendant further denies any remaining allegations in Paragraph 1 of the Complaint.

2.     Defendant admits that Star Scientific has developed and/or caused to be

manufactured nutritional supplements and cosmetic products, and that it has recently focused its

efforts on the Anatabloc® line.  Defendant denies any remaining allegations in Paragraph 2 of

the Complaint.

3.     Defendant admits that the Company has not received U.S. Food and Drug

Administration ("FDA") approval for its products but avers that such approval is not required for

the sake of the Company's dietary supplements and cosmetic products.  Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations in Paragraph 4 and Subparagraphs 4(a) and 4(b) of the Complaint.

5.      Defendant denies the allegations in Paragraph 5 of the Complaint.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint.

7.      Defendant admits that www.thestreet.com published an article referencing Star Scientific on or about January 23, 2013.  Defendant further states that the article speaks for itself and denies any summaries or characterizations of the article that are inconsistent with the contents thereof.  Defendant denies that the article exposed the "truth" and denies the remaining allegations in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations in the first sentence of Paragraph 8 of the Complaint.  Defendant admits that the Company recorded certain losses as detailed in its filings with the United States Securities and Exchange Commission ("SEC") but denies the remaining allegations in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations in Paragraph 9 of the Complaint

10.      Defendant admits that the Company's stock price rose above $5.00 per share at a certain point in 2011 but denies all remaining allegations in Paragraph 10 of the Complaint.

11.      Defendant admits that Defendant has been named in certain filings by the SEC and the Massachusetts Securities Division in the past but denies the remaining allegations in Paragraph 11 of the Complaint.

12.      Defendant admits that one or more 2013 *Washington Post* articles discussed Defendant and/or the former Virginia Governor and the former governor's wife.  Defendant

further states that these news articles speak for themselves and denies Plaintiff's summaries and characterizations of the articles to the extent that they are inconsistent with the contents thereof. Defendant states that the March 18, 2013, Form 10-K filed by Star Scientific speaks for itself and denies any allegations inconsistent therewith. Defendant denies all remaining allegations in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations in Paragraph 13 of the Complaint.

## II.     JURISDICTION AND VENUE

14.     The allegations in Paragraph 14 of the Complaint state legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 14 of the Complaint, except to state that the Complaint purports to assert claims under the Securities Exchange Act of 1934, over which this Court has subject matter jurisdiction.

15.     The allegations in Paragraph 15 of the Complaint state legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant admits that Star Scientific has its corporate headquarters at 4470 Cox Road, Suite 110, Glen Allen, Virginia. The remaining allegations in Paragraph 16 of the Complaint state legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17.     The allegations in Paragraph 17 of the Complaint state legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 17 of the Complaint.

### III.   PARTIES

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's stock purchases.  Defendant denies any remaining allegations in Paragraph 18 of the Complaint.

19.     Defendant admits that Star Scientific and/or its subsidiaries develop branded products but denies the remaining allegations in Paragraph 19 of the Complaint.

20.     Defendant admits that Rock Creek Pharmaceuticals, Inc. ("Rock Creek") is a wholly-owned subsidiary of Star Scientific and admits that Rock Creek currently sells, among other products, two nutraceutical supplements, Anatabloc® and CigRx®.

21.     Defendant admits that Mr. Perito was formerly, but no longer serves as Star Scientific's COO, Chairman of Star Scientific's Board, and Chairman and CEO of Rock Creek.

22.     Defendant admits that Defendant was formerly Star Scientific's CEO but denies that he continues to hold that office.

23.     Defendant admits that Mr. Dodd is Star Scientific's CFO.

24.     Defendant admits that Dr. Wright is Star Scientific's Senior Vice President and Medical/Clinical Director.

25.     Paragraph 25 of the Complaint requires no response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

### IV.   BACKGROUND

#### A.    Defendant Williams' Prior Business Ventures

27.     Defendant states that Paragraph 27 consists of irrelevant allegations and mischaracterizations of some of Defendant's past business interests.  To the extent a response is

required, Defendant states that the news articles referenced in Paragraph 27 speak for themselves, and Defendant denies Plaintiff's summaries and characterizations of the articles to the extent they are inconsistent with the contents thereof.  Defendant admits he worked as a car salesman and real estate agent in Fredericksburg, Virginia.  Defendant further admits he matriculated in a program at Johns Hopkins School of Advanced Internal Studies in Baltimore, Maryland in the late 1970s, and that he did not receive a degree.  Defendant further admits he met Frank E. O'Donnell, Jr. ("O'Donnell") at Johns Hopkins, O'Donnell was a resident in ophthalmology, and Defendant and O'Donnell invested in several businesses.  Defendant denies any remaining allegations in Paragraph 27 of the Complaint.

28.     Defendant states that Paragraph 28 consists of irrelevant allegations and mischaracterizations of some of Defendant's past business interests.  To the extent a response is required, Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant states that Paragraph 29 consists of irrelevant allegations and mischaracterizations of some of Defendant's past business interests.  To the extent a response is required, Defendant admits he was a part-owner of Colonial Opticians, which was an optical shop that sold and fitted customers for eyewear.  Defendant denies he hired O'Donnell to examine patients at Colonial Opticians.  Defendant states that local court records speak for themselves, and Defendant denies Plaintiff's summaries and characterizations of the records to the extent they are inconsistent with the contents thereof.  Defendant admits Colonial Opticians went out of business but denies any remaining allegations in Paragraph 29 of the Complaint.

30.     Defendant states that Paragraph 30 consists of irrelevant allegations and mischaracterizations of some of Defendant's past business interests.  To the extent a response is required, Defendant admits he and O'Donnell formed CME-SAT Inc. ("CME-SAT"), which was

a public company that produced training videos for medical specialists.  Defendant denies the allegations raised in the second sentence of Paragraph 30 based on nonsensical factual assertions. Defendant denies that CME-SAT was to be a non-profit entity.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Johns Hopkins and other institutions provided significant resources and cooperation to CME-SAT.  Defendant admits that his and O'Donnell's investments in CME-SAT were purchased by new owners in early 1985 but denies he was involved in CME-SAT at the time it went bankrupt.  Defendant further states that bankruptcy court records speak for themselves, and Defendant denies Plaintiff's summaries and characterizations of the records to the extent they are inconsistent with the contents thereof.  Defendant denies any remaining allegations in Paragraph 30 of the Complaint.

31.    Defendant states that Paragraph 31 consists of irrelevant allegations and mischaracterizations of some of Defendant's past business interests.  To the extent a response is required, Defendant denies he started a new company called Spectra Pharmaceuticals Services Inc. ("Spectra") with Dr. A. Edward Maumenee but admits he was a shareholder of Spectra. Defendant admits Spectra sold a vitamin A ointment and that the ointment was developed by Scheffer C.G. Tseng.  Defendant further states that the news article referenced in Paragraph 31 speaks for itself, and Defendant denies Plaintiff's summaries and characterizations of the article to the extent they are inconsistent with the content thereof.  Defendant denies any remaining allegations in Paragraph 31 of the Complaint.

32.    Defendant states that Paragraph 32 consists of irrelevant allegations and mischaracterizations of some of Defendant's past business interests.  To the extent a response is required, Defendant denies the allegations contained in the first sentence of Paragraph 32.

Defendant further states that the federal and state court records speak for themselves, and Defendant denies Plaintiff's summaries and characterizations of the records to the extent they are inconsistent with the contents thereof.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Spectra went bankrupt.  Defendant denies any remaining allegations in Paragraph 32 of the Complaint.

33.     Defendant states that Paragraph 33 consists of irrelevant allegations and mischaracterizations of some of Defendant's past business interests.  To the extent a response is required, Defendant denies that he and O'Donnell co-founded LaserSight Inc. ("LaserSight").  Defendant admits that he and O'Donnell invested in LaserSight and that LaserSight claimed to have developed cutting edge lasers for eye surgery.  Defendant further admits that LaserSight became a public company and that he sold his shares thereafter.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint.

34.     Defendant states that Paragraph 34 consists of irrelevant allegations and mischaracterizations of some of Defendant's past business interests.  To the extent a response is required, Defendant admits he was an initial investor in C.A. Blockers Inc. ("C.A. Blockers"), which developed a cigarette product.  Defendant further admits that C.A. Blockers became a public company.  Defendant further states that the news article referenced in Paragraph 34 speaks for itself, and Defendant denies Plaintiff's summaries and characterizations of the article to the extent they are inconsistent with the content thereof.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that C.A. Blockers filed for bankruptcy.  Defendant denies any remaining allegations in Paragraph 34 of the Complaint.

### B. Formation of Star Scientific

35.  Defendant states that Paragraph 35 consists of irrelevant allegations and mischaracterizations of some of Defendant's past business interests.  To the extent a response is required, Defendant denies he purchased the remaining assets of C.A. Blockers and repackaged them as a company named Star Tobacco, Inc. ("Star Tobacco").  Defendant admits Star Tobacco was formed in or around 1990, is a subsidiary of the Company, and operated as a manufacturer of tobacco products.  Defendant further admits that, at one time, Defendant served as Star Tobacco's chief operating officer and executive vice president, and later as the Company's chief executive officer.  Defendant denies Plaintiff's summary and characterizations of Defendant's statements to the extent they are inconsistent therewith.  Defendant admits he invented a way to cure cigarettes by using a microwave.  Defendant further states that court records speak for themselves, and Defendant denies Plaintiff's summaries and characterizations of the records to the extent they are inconsistent with the contents thereof.  Defendant denies any remaining allegations in Paragraph 35 of the Complaint.

36.  Defendant states that Paragraph 36 consists of irrelevant allegations and mischaracterizations of some of Defendant's past business interests.  To the extent a response is required, Defendant states that court documents referenced in Paragraph 36 of the Complaint speak for themselves, and Defendant denies Plaintiff's summaries and characterizations of those documents to the extent they are inconsistent with the contents thereof.  Defendant denies any remaining allegations in Paragraph 36 of the Complaint.

37.  Defendant admits that, at one time, Star Tobacco manufactured cigarettes for other companies in addition to offering its own brand of cigarettes.  Defendant further admits that Star Tobacco at one time developed the smokeless tobacco products Ariva® and Stonewall

Hard Snuff®.  Defendant further admits that, in or around 2012, Star Tobacco ceased

manufacturing smokeless tobacco products.  Defendant further states that the Company regularly

reported its financial results.  Defendant denies any and all further allegations in Paragraph 37 of

the Complaint.

38.     Defendant admits that the Company brought a lawsuit against R.J. Reynolds

Tobacco Co. in or around 2001.  Defendant further states that the court documents in the case

speak for themselves, and Defendant denies any summaries or characterizations of the

documents that are inconsistent with the contents thereof.  Defendant is without knowledge or

information sufficient to form a belief as to the accuracy of the quotation attributed to equity

analyst Elliot Favus.  Defendant denies any remaining allegations in Paragraph 38 of the

Complaint.

39.     Defendant states that the referenced court orders speak for themselves, and

Defendant denies any summaries or characterizations of such orders that are inconsistent with

the contents thereof.  Defendant denies any remaining allegations in Paragraph 39 of the

Complaint.

40.     Defendant admits that the validity of Star Scientific's patents was confirmed by

the PTO.  Defendant states that data about the Company's stock price is publicly available and

denies Plaintiff's allegations regarding the stock price to the extent they are inconsistent with the

publicly available data.  Defendant denies any remaining allegations in Paragraph 40 of the

Complaint.

### C.     The New Star Scientific

41.     Defendant admits that Rock Creek was formed as a subsidiary of Star Scientific in

2007 and that it currently manufactures nutraceuticals, dietary supplements, and cosmetic

products.  Defendant further admits that nutraceuticals in certain situations do not require FDA approval.  Defendant denies the remaining allegations in Paragraph 41 of the Complaint.

42.     Defendant admits that CigRx® was developed by 2009 and that it sought to temporarily reduce the urge to smoke.  Defendant states that the Company's sales and SEC filings speak for themselves and denies any allegations inconsistent with the contents thereof. Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

**D.      Star Scientific's Deteriorating Financial Picture**

43.     Defendant states that the referenced SEC filings speak for themselves and denies any allegations inconsistent with the contents thereof.  Defendant admits that Star Scientific received a notice from NASDAQ regarding the Company's listing on the NASDAQ market. Defendant further admits that the Company's stock price rebounded and that there were certain reductions in the size of the Company's work force in 2012.  Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

**E.      Launching of Anatabloc®**

44.     Defendant admits that Anatabloc® contains anatabine, a naturally occurring alkaloid found in members of the Solinacea family of plants, and vitamins A and D3.  Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

45.     Defendant admits that Anatabloc® sales commenced in August 2011, that Anatabloc® is sold on the Company's website and in GNC stores, and that the Company retained several professional athletes to endorse the product.  Defendant further admits that he made certain gifts to the former Virginia Governor and the former governor's wife.  Defendant states that the referenced SEC filing speaks for itself and denies any allegations inconsistent with

the contents thereof.  Defendant denies any remaining allegations in Paragraph 45 of the

Complaint.

**F.      Star Scientific's Collaboration with the Roskamp Institute in Testing
          Anatabloc®**

46.      Defendant admits that Rock Creek and the Roskamp Institute conducted research

prior to launching Anatabloc® and that Robert Roskamp invested in Star Scientific.  Defendant

states the referenced press release, SEC filings, and agreement speak for themselves and denies

any allegations inconsistent with the contents thereof.  Defendant denies any remaining

allegations in Paragraph 46 of the Complaint.

47.      Defendant admits that Rock Creek and the Roskamp Institute conducted research.

Defendant states that the published results of the research speak for themselves and denies any

summaries and characterizations of the published research results that are inconsistent with the

contents thereof.  Defendant denies the remaining allegations in Paragraph 47 of the Complaint.

**G.      Virginia Governor's Promotion of Anatabloc®**

48.      Defendant admits that Star Scientific promoted its Anatabloc® product.

Defendant admits that a conference at which Mrs. McDonnell spoke was held at the Roskamp

Institute, states that Mrs. McDonnell's remarks speak for themselves, and admits that Mrs.

McDonnell spoke at other events.  Defendant is without knowledge or information sufficient to

form a belief as to the accuracy of the purported quotation from the unidentified investor.

Defendant denies the remaining allegations in Paragraph 48 of the Complaint.

49.      Defendant admits that a press release announced the launch of Anatabloc® and

that the former Virginia Governor and the former governor's wife hosted and attended the event

at the Executive Mansion on August 30, 2011.  Defendant states that the press release speaks for

itself and denies Plaintiff's summaries and characterizations of the press release to the extent

they are inconsistent with the contents thereof.  Defendant is without knowledge or information sufficient to form a belief as to the accuracy of the purported quotation from John Clore.

50.     Defendant admits that he was acquainted with Former Governor McDonnell and Mrs. McDonnell and that he had meetings with certain state officials regarding Anatabloc®. Defendant states that the referenced newspaper article speaks for itself and denies any allegations inconsistent therewith.  Defendant denies the remaining allegations in Paragraph 50 of the Complaint.

51.     Defendant admits that he made certain gifts to Former Governor McDonnell and/or Maureen McDonnell.  Defendant states that the referenced newspaper articles speak for themselves and denies Plaintiff's summaries and characterizations of the articles to the extent they are inconsistent with the contents thereof.

**H.     Star Scientific's Scheme to Falsely Promote John Hopkins as Being Involved in Studying Anatabloc®**

52.     Defendant admits that Dr. Ladenson and Dr. Caturegli have been consultants to Star Scientific, admits that the Company did not disclose the precise terms of the consulting agreements, but avers that the consulting agreements were publicly disclosed to the market before the Plaintiff purchased her shares of stock in the Company.  Defendant denies the remaining allegations of Paragraph 52 of the Complaint.

**1.     The Animal Study**

53.     Defendant admits that Dr. Ladenson and Dr. Caturegli were professors at Johns Hopkins, that Dr. Ladenson and Dr. Caturegli were among the Johns Hopkins scientists who conducted the Animal Study, and that the Company provided anatabine for the study.  Defendant denies the remaining allegations in Paragraph 53 of the Complaint.

54.     Defendant states the referenced article speaks for itself and denies Plaintiff's summaries and characterizations of the article to the extent that they are inconsistent with the contents thereof.  Defendant states that data about the Company's stock price is publicly available and denies Plaintiff's allegations regarding the stock price to the extent they are inconsistent with the publicly available data.  Defendant denies the remaining allegations in Paragraph 54 of the Complaint.

55.     Defendant admits Dr. Ladenson and Dr. Caturegli were professors at Johns Hopkins and denies any remaining allegations in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Complaint, except to state that Defendant admits that the Company issued certain press releases, the contents of which speak for themselves.

57.     Defendant admits that Dr. Ladenson presented his findings at a scientific conference in Newport Beach, California.  Defendant denies that Dr. Ladenson and Dr. Caturegli gave misleading impressions to investors.  Defendant states that the report attributed to Dr. Faessel speaks for itself and denies Plaintiff's summaries and characterizations of the report to the extent they are inconsistent with the content thereof.  Defendant denies the remaining allegations in Paragraph 57 on the Complaint.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the impact of the report attributed to Dr. Faessel on Star Scientific's stock price.  Defendant states that the Company's stock price is publicly available and denies Plaintiff's allegations to the extent they are inconsistent with the publicly available stock prices.  Defendant denies any remaining allegations in Paragraph 58 of the Complaint.

59.     Defendant admits that he attended an event at the Roskamp Institute.  Defendant admits that the Company issued press releases regarding Anatabloc®, which speak for themselves, and Defendant denies Plaintiff's summaries and characterizations of the press releases to the extent they are inconsistent with the contents thereof.  Defendant denies any remaining allegations in Paragraph 59 of the Complaint.

60.     Defendant states that the *Richmond Times Dispatch* article speaks for itself and denies Plaintiff's summaries and characterizations of the article to the extent they are inconsistent with the content thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the attributions of the statements made by the unidentified people referenced in Paragraph 60 of the Complaint.  Defendant denies any remaining allegations in Paragraph 60 of the Complaint.

### 2.     The Human Study

61.     Defendant admits that Star Scientific initiated a trial of Anatabloc® in 2012.  Defendant states the Company's press releases and other public statements speak for themselves, denies that the Company failed to make any required disclosures or that it gave the public a misleading view, and denies Plaintiff's summaries and characterizations of Star Scientific's press releases and public statements to the extent they are inconsistent with the contents thereof.  Defendant denies any remaining allegations in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations regarding misleading information, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 relating to the views of investors and analysts.  Defendant states that reports attributed to Mr. Bradley and Dr. Faessel speak for themselves and denies Plaintiff's summaries

and characterizations of the reports to the extent they are inconsistent with the contents thereof. Defendant denies any remaining allegations in Paragraph 62 of the Complaint.

63.     Defendant lacks knowledge or information sufficient to form a belief about the allegations regarding the degree or reasons or whether investors and consumers placed importance on the results of the Human Study.  Defendant states the referenced newspaper articles speak for themselves and denies Plaintiff's summaries and characterizations of the reports to the extent they are inconsistent with the contents thereof.  Defendant denies any remaining allegations in Paragraph 63 of the Complaint.

64.     Defendant denies misleading investors.  Defendant states that the report attributed to Mr. Bradley speaks for itself and denies Plaintiff's summaries and characterizations of the report to the extent they are inconsistent with the content thereof.  Defendant denies any remaining allegations in Paragraph 64 of the Complaint.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint relating to the attention and focus of investors and analysts, or the potential impact of the Human Study.  Defendant states that the Gilford report speaks for itself and denies Plaintiff's summaries and characterizations of the report to the extent they are inconsistent with the content thereof.  Defendant denies any remaining allegations in Paragraph 65 of the Complaint.

66.     Defendant states the Gilford report speaks for itself and denies Plaintiff's summaries and characterizations of the report to the extent they are inconsistent with the content thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the author's understanding of the import of the Human Study. Defendant denies any remaining allegations in Paragraph 66 of the Complaint.

67.     Defendant states that the referenced statements, report, and article speak for themselves, and Defendant denies Plaintiff's summaries and characterizations of the statements, report, and article to the extent they are inconsistent with the contents thereof.  Defendant denies any remaining allegations in Paragraph 67 of the Complaint.

68.     Defendant admits that Star Scientific announced preliminary results of the Human Study on or about January 7, 2013, and that Star Scientific issued a press release that quoted Dr. Ladenson.   Defendant states that the referenced announcement and press release speak for themselves and denies any allegations inconsistent with the contents thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the impact that the announcement of the preliminary results had upon Star Scientific's stock price.  Defendant denies any remaining allegations in the Paragraph 68 of the Complaint.

## I.     U.S. Department of Justice Subpoenas

69.     Defendant admits that, in late January and February of 2013, he, Star Scientific, other Star Scientific directors, and others received subpoenas from the United States Attorney's Office for the Eastern District of Virginia seeking documents.  Defendant admits that the receipt of such subpoenas by the Company and some of its directors was disclosed in the Company's Form 10-K filing, but Defendant denies any allegations of alleged fraud or illegal transactions. Defendant denies any remaining allegations in Paragraph 69 of the Complaint.

## V.     DEFENDANTS' FALSE AND MISLEADING STATEMENTS ISSUED DURING THE CLASS PERIOD

70.     Defendant denies the allegations in Paragraph 70 of the Complaint.

71.     Defendant admits that Star Scientific filed a quarterly report on Form 10-Q on or about May 10, 2011, that disclosed developments of its Anatabloc® research and its

16

collaboration with the Roskamp Institute.  Defendant states the Form 10-Q speaks for itself.

Defendant denies any remaining allegations in Paragraph 71 of the Complaint.

72.     Defendant admits that Star Scientific's prior SEC filings disclosed its relationship

with the Roskamp Institute, and Defendant admits that he and Mr. Dodd signed certain

certifications in connection with the Company's Form 10-Q for the period ending March 31,

2011.  Defendant denies that Star Scientific's Form 10-Q contained misleading statements or

omissions.  Defendant further denies any remaining allegations in Paragraph 72 of the

Complaint.

73.     Defendant admits that Star Scientific filed a quarterly report on Form 10-Q on or

about August 9, 2011, and states the Form 10-Q speaks for itself.  Defendant denies any

remaining allegations in Paragraph 73 of the Complaint.

74.     Defendant admits that Star Scientific's prior SEC filings disclosed its relationship

with the Roskamp Institute and that he and Mr. Dodd signed certain certifications in connection

with the Company's Form 10-Q for the period ending June 30, 2011.  Defendant denies that Star

Scientific's Form 10-Q contained misleading statements or omissions.  Defendant further denies

any remaining allegations in Paragraph 74 of the Complaint.

75.     Defendant admits that Star Scientific and Rock Creek issued the referenced press

release on October 18, 2011, and Defendant states the referenced press release speaks for itself.

Defendant denies that the press release contained any misleading statements and denies any

remaining allegations in Paragraph 75 of the Complaint.

76.     Defendant denies that Star Scientific's press release is materially misleading.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations relating to beliefs of equity analysts and avid investors.  Defendant denies any remaining allegations in Paragraph 76 of the Complaint.

77.     Defendant admits that Star Scientific and Rock Creek issued the referenced press release on October 31, 2011, and Defendant states the referenced press release speaks for itself. Defendant denies that the press release contained any misleading statements and denies any remaining allegations in Paragraph 77 of the Complaint.

78.     Defendant denies that Star Scientific's press release is materially misleading. Defendants lack knowledge or information sufficient to form a belief as to allegations relating to the beliefs of equity analysts and avid investors.  Defendant further denies any remaining allegations in Paragraph 78 of the Complaint.

79.     Defendant admits that Star Scientific filed a quarterly report on Form 10-Q on or about November 9, 2011, and Defendant states the Form 10-Q speaks for itself.  Defendant denies any remaining allegations in Paragraph 79 of the Complaint.

80.     Defendant admits that Star Scientific's prior SEC filings disclosed its relationship with the Roskamp Institute and that he and Mr. Dodd signed certain certifications in connection with the Company's Form 10-Q for the period ending September 30, 2011.  Defendant denies that Star Scientific's Form 10-Q contained misleading statements or omissions.  Defendant further denies any remaining allegations in Paragraph 80 of the Complaint.

81.     Defendant admits that Star Scientific issued the referenced press release on or about November 9, 2011, and Defendant states the referenced press release speaks for itself. Defendant denies that the press release contained any misleading statements and denies any remaining allegations in Paragraph 81 of the Complaint.

82.     Defendant denies that Star Scientific's press release is materially misleading. Defendant lacks knowledge or information sufficient to form a belief as to allegations relating to the beliefs of equity analysts and avid investors.  Defendant further denies any remaining allegations in Paragraph 82 of the Complaint.

83.     Defendant admits that Star Scientific filed a Form 10-K on March 15, 2012, and Defendant states that the filing speaks for itself.  Defendant denies that Star Scientific's Form 10-K made false and misleading statements.  Defendant further denies any remaining allegations in Paragraph 83 of the Complaint.

84.     Defendant denies that Star Scientific's 2011 Form 10-K is materially misleading. Defendant admits that he and Mr. Dodd signed certain certifications in connection with the Company's 2011 Form 10-K.  Defendant denies that Star Scientific's Form 10-K contained misleading statements or omissions.  Defendant further denies any remaining allegations in Paragraph 84 of the Complaint.

85.     Defendant admits that Star Scientific issued the referenced press release on June 27, 2012, and Defendant states the referenced press release speaks for itself.  Defendant denies that the press release contained false and misleading statements.  Defendant further denies any remaining allegations in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations in Paragraph 86 of the Complaint.

87.     Defendant lacks knowledge or information sufficient to form a belief as to allegations regarding the beliefs of equity analysts and avid investors and denies the remaining allegations in Paragraph 87 of the Complaint.

88.     Defendant admits that Star Scientific filed a report on Form 10-Q for the period ending September 30, 2012, and Defendant states the filing speaks for itself.  Defendant denies any remaining allegations in Paragraph 88 of the Complaint.

89.     Defendant admits that Star Scientific's SEC filings disclosed the Company's relationship with the Roskamp Institute but denies the remaining allegations in Paragraph 89 of the Complaint.

90.     Defendant admits that Star Scientific issued the referenced press release on January 7, 2013, and Defendant states the referenced press release speaks for itself.  Defendant denies that the press release contained misleading statements and denies any remaining allegations in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations in Paragraph 91 of the Complaint.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the beliefs and understandings of equity analysts.  Defendant admits that certain published reports have been attributed to Mr. Bradley.  Defendant states these reports speak for themselves, and Defendant denies Plaintiff's summaries and characterizations of the reports to the extent they are inconsistent with the contents thereof.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Bradley's beliefs or understandings, and denies any remaining allegations in Paragraph 92 of the Complaint.

93.     Defendant admits that certain reports, articles, and studies about the Company have been attributed to Dr. Faessel.  Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations concerning Dr. Faessel's beliefs and denies any remaining allegations in Paragraph 93 of the Complaint.

## VI.     THE TRUTH IS REVEALED

94.     Defendant admits that, on or about January 23, 2013, an article regarding the

Company appeared on www.thestreet.com.  Defendant states the article speaks for itself, and

Defendant denies Plaintiff's summaries and characterizations of the article to the extent they are

inconsistent with the content thereof.  Defendant denies that the article is accurate, that Star

Scientific misled investors, and that the article revealed or disclosed any facts for the first time.

Defendant further denies any remaining allegations in Paragraph 94 of the Complaint.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the

allegation regarding the effect the *The Street* article had on Star Scientific's stock price.

Defendant denies any remaining allegations in Paragraph 95 of the Complaint.

96.     Defendant admits that Star Scientific issued a press release on January 28, 2013,

which addressed the article in *The Street*, and Defendant states the referenced press release

speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations regarding what investors apparently felt about the press release.

Defendant denies any remaining allegations in Paragraph 96 of the Complaint.

97.     Defendant denies making any false statements and denies that Star Scientific's

stock traded at artificially inflated levels.  Defendant admits that Star Scientific's stock price has

traded above $3.00 per share and that it reached $5.21 per share on May 31, 2011.  Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the allegations

relating to industry observers and equity analysts.  Defendant denies any remaining allegations in

Paragraph 97 of the Complaint.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations regarding Mr. Bradley's opinions and conclusions.  Defendant further

states that the content of any report attributed to Mr. Bradley on August 1, 2012, speaks for itself, and Defendant denies Plaintiff's summaries and characterizations of the report to the extent they are inconsistent with the content thereof.  Defendant denies any remaining allegations in Paragraph 98 of the Complaint.

## VII.    LOSS CAUSATION

99.    Defendant denies the allegations in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations in Paragraph 101 of the Complaint.

102.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the graph referenced in Paragraph 102 of the Complaint. Defendant denies the remaining allegations in Paragraph 102 of the Complaint.

103.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations included in the chart referenced in Paragraph 103 of the Complaint.  Defendant denies the remaining allegations in Paragraph 103 of the Complaint.

104.    Defendant denies the allegations in Paragraph 104 of the Complaint.

## VIII.   DEFENDANTS ACTED WITH SCIENTER

105.    Defendant denies the allegations in Paragraph 105 of the Complaint.

106.    Defendant admits that he, Messrs. Dodd and Perito, and Dr. Wright were officers and/or directors of the Company or Rock Creek as indicated above.  Defendant denies the remaining allegations in Paragraph 106 of the Complaint.

107.    Defendant denies the allegations in Paragraph 107 of the Complaint.

**A.      Defendant Williams Knew, or Recklessly Disregarded the Fact that Defendants' Public Statements About John Hopkins' Involvement in the Animal Study and Human Study Were False, Incomplete, and/or Materially Misleading**

108.      Defendant incorporates herein his prior responses to the allegations in Paragraphs 27 through 34 of the Complaint, and Defendant denies any remaining allegations in Paragraph 108 of the Complaint.

109.      Defendant incorporates herein his prior responses to the allegations in Paragraphs 27 through 34 of the Complaint, and Defendant denies any remaining allegations in Paragraph 109 of the Complaint.

**B.      Defendants' Fraudulent Conduct Was Motivated by the Desperate Need to Obtain Additional Funding and Maintain the Company's Ongoing Operations**

110.      Defendant denies the allegations in Paragraph 110 of the Complaint.

**1.      The Company's Need for Significant Financing**

111.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the description of Star Scientific's finances attributed to Mr. Bradley.  Defendant incorporates herein his prior responses to the allegations in Paragraph 43 of the Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the cause of changes in Star Scientific's stock price.  Defendant denies that the allegations in Paragraph 111 of the Complaint are accurate or complete descriptions of Star Scientific's sales and finances and, therefore, denies those allegations. Defendant denies any remaining allegations in Paragraph 111 of the Complaint.

112.      Defendant denies that the allegations in Paragraph 112 of the Complaint are accurate or complete descriptions of Star Scientific's sales and finances and, therefore, denies

those allegations.  Defendant denies any remaining allegations in Paragraph 112 of the

Complaint.

113.   Defendant denies that the allegations in Paragraph 113 of the Complaint are

accurate or complete descriptions of Star Scientific's sales and finances and, therefore, denies

those allegations.  Defendant denies any remaining allegations in Paragraph 113 of the

Complaint.

114.   Defendant states Star Scientific's 2010 Form 10-K speaks for itself and denies

any allegations inconsistent therewith.  Defendant denies any remaining allegations in Paragraph

114 of the Complaint.

115.   Defendant states Star Scientific's SEC filings speak for themselves and denies

any allegations inconsistent therewith.  Defendant denies any remaining allegations in Paragraph

115 of the Complaint.

**2.      The Defendants Mislead Investors and the Market in Order to Secure
the Funding Necessary to Continue the Company's Operations**

116.   Defendant states that Star Scientific's SEC filings speak for themselves and

denies any allegations inconsistent therewith.  Defendant denies any remaining allegations in

Paragraph 116 of the Complaint.

117.   Defendant states that Star Scientific's SEC filings speak for themselves and

denies any allegations inconsistent therewith.  Defendant incorporates herein his prior responses

to the allegations in Paragraphs 62 through 67 of the Complaint, and Defendant denies any

remaining allegations in Paragraph 117 of the Complaint.

118.   Defendant denies the allegations in Paragraph 118 of the Complaint.

119.     Defendant states that Star Scientific's SEC filings speak for themselves and denies any allegations inconsistent therewith.  Defendant denies any remaining allegations in Paragraph 119 of the Complaint.

120.     Defendant states that Star Scientific's SEC filings set forth certain details regarding the terms of the Company's equity financing transactions.  Defendant denies any and all allegations of Paragraph 120 of the Complaint that are inconsistent therewith.  Defendant denies any remaining allegations in Paragraph 120 of the Complaint, including Subparagraphs 120(a) through 120(d).

121.     Defendant denies the allegations in Paragraph 121 of the Complaint.

122.     Defendant states that Star Scientific's SEC filings speak for themselves and denies any allegations inconsistent therewith.  Defendant denies any remaining allegations in Paragraph 122 of the Complaint.

**C.     Defendants Were Financially Motivated to Maximize the Trading Price of Star Scientific Securities Given Their Stock, Option, and Warrant Holdings**

123.     Defendant states that Star Scientific's SEC filings speak for themselves and denies any allegations inconsistent therewith.  Defendant denies any remaining allegations in Paragraph 123 of the Complaint.

124.     Defendant denies the allegations in Paragraph 124 of the Complaint.

125.     Defendant states the allegations regarding Star Scientific's finances and the compensation of executives are inaccurate and incomplete and, therefore, denies those allegations.  Defendant denies any remaining allegations in Paragraph 125 of the Complaint.

126.     Defendant states that Star Scientific's SEC filings speak for themselves and denies any allegations inconsistent therewith.  Defendant denies any remaining allegations in Paragraph 126 of the Complaint.

127.     Defendant denies the allegations in Paragraph 127 of the Complaint.

128.     Defendant states that Star Scientific's SEC filings speak for themselves and denies any allegations inconsistent therewith.  Defendant denies any remaining allegations in Paragraph 128 of the Complaint.

129.     Defendant denies the allegations in Paragraph 129 of the Complaint.

130.     Defendant denies the allegations in Paragraph 130 of the Complaint.

IX.     **FRAUD-ON-THE MARKET AND THE PRESUMPTION OF RELIANCE**

131.     The allegations in Paragraph 131 of the Complaint state legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 131.

132.     The allegations in Paragraph 132 of the Complaint state legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 132.

133.     The allegations in Paragraph 133 of the Complaint state legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 133.

X.     **NO STATUTORY SAFE HARBOR**

134.     Defendant denies making any false or misleading statements.  The allegations in Paragraph 134 of the Complaint state legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 134.

135.    The allegations in Paragraph 135 of the Complaint state legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 135.

136.    The allegations in Paragraph 136 of the Complaint state legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 136.

## XI.    CLASS ACTION ALLEGATIONS

137.    The allegations in Paragraph 137 of the Complaint state legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 137.

138.    The allegations in Paragraph 138 of the Complaint state legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 138.

139.    The allegations in Paragraph 139 of the Complaint state legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 139.

140.    The allegations in Paragraph 140 of the Complaint state legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 140.

141.    The allegations in Paragraph 141 of the Complaint state legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 141.

142.    The allegations in Paragraph 142 of the Complaint state legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 142.

143.    The allegations in Paragraph 143 of the Complaint state legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 143.

## XII.   COUNT I – AGAINST DEFENDANTS FOR VIOLATION OF SECTION 10(B) OF THE EXCHANGE ACT AND SEC RULE 10B-5

144.    Defendant incorporates by reference and restates his responses to the allegations of the Complaint.

145.    Defendant denies the allegations in Paragraph 145 of the Complaint.

146.    Defendant denies the allegations in Paragraph 146 of the Complaint.

147.    Defendant denies the allegations in Paragraph 147 of the Complaint.

## XIII.   COUNT II – AGAINST THE INDIVIDUAL DEFENDANTS FOR VIOLATION OF SECTION 20(A) OF THE EXCHANGE ACT

148.    Defendant incorporates by reference and restates his responses to the allegations of the Complaint.

149.    Defendant denies the allegations in Paragraph 149 of the Complaint.

150.    Defendant denies the allegations in Paragraph 150 of the Complaint.

## XIV.   PRAYER FOR RELIEF

Defendant denies that the Plaintiff or the proposed class is entitled to any of the relief requested in the Complaint.  Defendant denies any remaining allegations in the Complaint not expressly admitted herein.

## GENERAL DENIAL

Except as otherwise expressly stated in Paragraphs 1 through 150 above, Defendant denies each and every allegation of the Complaint, including, without limitation, headings and subheadings, and specifically denies liability to Plaintiff and the putative class, or that Plaintiff or the putative class have suffered any legally cognizable damages for which Defendant is responsible.

**AND NOW**, having fully answered Plaintiff's Complaint, Defendant states the following affirmative defenses, without assuming the burden of proof as to any such defenses that would otherwise rest with Plaintiff and/or putative class members.  The following affirmative defenses are asserted against both Plaintiff and (should the Court certify a class) the members of the putative class.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because they are not maintainable as a class action.  Among other things, Plaintiff has failed to meet the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a), in that the claims of certain putative class members will be subject to unique defenses, and Plaintiff will be unable to meet the predominance or superiority requirements of Fed. R. Civ. P. 23(b)(3), which requires (among other things) a showing that the market for the Company's stock was efficient during the relevant period.  In addition, the Supreme Court may overrule the "fraud on the market" presumption in a

pending appeal or otherwise, and Defendant therefore avers that no such presumption should be recognized.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the information Plaintiff's claim the Defendant failed to disclose was publicly available information contained in the SEC filings, or other public disclosures, or because the Defendant otherwise had no duty to disclose this information under the federal securities laws.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the information Plaintiff claims the Defendant failed to disclose was not material.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may become barred by the two-year statute of limitations and five-year period of repose applicable to claims under Section 10(b) and Rule 10b-5 under the Securities Exchange Act of 1934.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to meet the requirements of Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act of 1995.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because all or part of Plaintiff's alleged damages were caused by external factors and not an alleged misrepresentation for which the Directors are alleged to be liable.

## EIGHTH AFFIRMATIVE DEFENSE

For, inter alia, similar reasons, Plaintiff has failed to act reasonably to mitigate her alleged damages, if any.

## NINTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care and acted in good faith, including good faith conformity with applicable SEC rules, regulations, and orders, and did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action.  Defendant, therefore, is not subject to liability under the federal securities laws.  Securities Exchange Act § 23(a)(1), 15 U.S.C. § 78w(a)(1).

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is limited to only those damages authorized by the Securities Exchange Act of 1934 and the Private Securities Litigation Reform Act of 1995.  Plaintiff, therefore, may not recover damages in excess of those authorized by these statutes or the regulations promulgated pursuant to these statutes.  Plaintiff would not be entitled under any circumstances to an award of attorneys' fees, costs, or interest incurred prior to the commencement of this action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because some or all of the challenged statements bespoke caution and/or were otherwise protected by the bespeaks caution doctrine and/or were forward-looking statements accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Star Scientific shareholders, including Plaintiff, did not rely on the market price of Star Scientific's securities in making her decision to purchase Star Scientific stock.  For this and other reasons, no "fraud on the market" presumption is appropriate in this case.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Star Scientific traded on an efficient market, it would have been difficult or impossible for Defendant to have manipulated the market for Star Scientific stock, and thus Plaintiff's claims are barred in whole or in part.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable under Section 10(b) of the Securities Exchange Act of 1934, Rule 10b-5 promulgated thereunder, or otherwise for any statements not made by Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because, at the time Plaintiff acquired the securities in question, Plaintiff knew of or did not rely upon the alleged untruths, omissions, or manipulative conduct that form the basis of this action.  Alternatively, Plaintiff learned of the alleged untruths, omissions, or manipulative conduct that form the basis of this action after acquiring the securities in question, but nonetheless continued to hold such securities.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because none of the defendants in this action is primarily liable, and Plaintiff has not alleged and cannot establish that the Defendant is liable absent such primary liability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff, if any, is limited to the percentage of responsibility of Defendant in proportion to the total fault of all persons who caused or contributed to Plaintiff's alleged damages pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-4(f)(3)(A).

WHEREFORE, having fully answered the Complaint in this action, Defendant respectfully requests: (i) that the Complaint be dismissed in its entirety; (ii) that the Court enter a judgment in favor of the Defendant and against Plaintiff; (iii) an award to the Defendant his costs, including discretionary costs, and attorneys' fees; and (iv) such other relief as the Court deems just and proper.

Dated: January 31, 2014

Respectfully Submitted,

**JONNIE R. WILLIAMS, SR.**

_____/s/_____

Richard Cullen (VSB No. 16765)
Anne Whittemore (VSB No. 09221)
Anne B. McCray (VSB No. 42209)
Ryan E. Bonistalli (VSB No. 76517)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Telephone: (804) 775-1000
Facsimile: (804) 775-1065
Email: rcullen@mcguirewoods.com
Email: awhittemore@mcguirewoods.com
Email: amccray@mcguirewoods.com
Email: rbonistalli@mcguirewoods.com

*Counsel for Defendant Jonnie R. Williams, Sr.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing (NEF) to the following:

| | |
|---|---|
| M. F. Connell Mullins, Jr.<br>Edward E. Bagnell, Jr.<br>Spotts Fain PC<br>411 E. Franklin Street<br>Suite 600<br>Richmond, VA 23219<br>Telephone: (804) 697-2077<br>Facsimile: (804) 697-2177<br>Email: cmullins@spottsfain.com<br>Email: ebagnell@spottsfain.com<br>*Counsel for Defendants Star Scientific, Inc., Rock Creek Pharmaceuticals, Inc., Paul L. Perito, Park A. Dodd, III, and Curtis Wright*<br><br>Charles Lee Eisen<br>Nicholas G. Terris<br>Amy J. Eldridge<br>K&L GATES LLP<br>1601 K Street, N.W.<br>Washington, D.C.  20006-1600<br>Telephone: (202) 778-9000<br>Facsimile: (202) 778-9100<br>Email: Charles.Eisen@klgates.com<br>Email: Nicholas.Terris@klgates.com<br>Email: Amy.Eldridge@klgates.com<br>*Counsel for Defendants Star Scientific, Inc., Rock Creek Pharmaceuticals, Inc., Paul L. Perito, Park A. Dodd, III, and Curtis Wright*<br><br>Collin J. Hite (VSB #33869)<br>Franklin R. Cragle, III (VSB #78398)<br>Hirschler Fleischer, P.C.<br>2100 E. Cary St.<br>P.O. Box 500<br>Richmond, VA 23218-0500<br>Telephone: (804) 771-9500<br>Facsimile: (757) 644-0957<br>Email: chite@hf-law.com<br>Email: fcragle@hf-law.com<br>*Lead Counsel for Lead Plaintiff Nancy Lopes, the Proposed Class, and Marty Cole* | Edward B. Gerard (*pro hac vice*)<br>Brian J. Robbins (*pro hac vice*)<br>Gregory Del Gazio (*pro hac vice*)<br>Justin D. Rieger (*pro hac vice*)<br>Stephen J. Oddo (*pro hac vice*)<br>Robbins Arroyo LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 525-3990<br>Fax: (619) 525-3991<br>Email: egerard@robbinsarroyo.com<br>Email: brobbins@robbinsarroyo.com<br>Email: gdelgaizo@robbinsarroyo.com<br>Email: jrieger@robbinsarroyo.com<br>Email: soddo@robbinsarroyo.com<br>*Lead Counsel for Lead Plaintiff Nancy Lopes, the Proposed Class, and Marty Cole*<br><br>Steve W. Berman<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone:  (206) 623-7291<br>Facsimile:  (206) 623-0594<br>Email: steve@hbsslaw.com<br>*Counsel for STSI Investor Group*<br><br>Michael F. Imprevento<br>BREIT DRESCHER IMPREVENTO & WALKER<br>Towne Pavilion Center II<br>600 22nd St, Suite 402<br>Virginia Beach, VA 23451<br>Telephone: (757) 670-3884<br>Facsimile: (757) 299-8035<br>Email: mimprevento@breitdrescher.com<br>*Counsel for Francis J. Reuter* |

Reed R. Kathrein
Peter E. Borkon
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com
Email: peterb@hbsslaw.com
*Counsel for STSI Investor Group*

Andrew George Simpson
THE SIMPSON LAW FIRM, PLLC
1921 Gallows Road, Suite 750
Vienna, VA 22182
Telephone:  (703) 548-3900
Facsimile:  (703) 883-0899
Email: andrew@andrewsimpson.com
*Counsel for movant STSI Investor Group*

Nathan M. Cihlar
STRAUS & BOIES, LLP
4041 University Drive, 5th Floor
Fairfax, VA 22030
Telephone:  (703) 764-8700
Facsimile:  (703) 764-8704
ncihlar@straus-boies.com
*Counsel for STSI Investor Group*

Michael S. Dry
Jessica D. Aber
Ryan S. Faulconer
Counsel for the United States
U.S. Attorney's Office
600 E. Main Street, Suite 1800
Richmond, Va. 23219
Phone: 804-819-5400
Fax: 804-771-2316
Email: michael.s.dry@usdoj.gov
jessica.d.aber@usdoj.gov
ryan.faulconer2@usdoj.gov
*Intervenor*

Marc I. Gross
Lesley F. Portnoy
Jeremy A. Lieberman
POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP
600 Third Ave., 20th Floor
New York, NY 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email: migross@pomlaw.com
Email: lfportnoy@pomlaw.com
Email: jalieberman@pomlaw.com
*Counsel for Francis J. Reuter*

Patrick V. Dahlstrom
POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
Email: pdahlstrom@pomlaw.com
*Counsel for Francis J. Reuter*

Philip Kim
THE ROSEN LAW FIRM PA
275 Madison Ave, 34th Floor
New York, NY 10016
Telephone:  (212) 686-1060
Facsimile:  (212) 202-3827
Email: pkim@rosenlegal.com
*Counsel for Francis J. Reuter*

Peretz Bronstein
BRONSTEIN GEWIRTZ &
GROSSMAN LLP
600 E 42 Street, Suite 4600
New York, NY 10165
Telephone:  (212) 697-6484
Facsimile:  (212) 697-7296
Email: peretz@bgandg.com
*Counsel for Francis J. Reuter*

| | |
|---|---|
| David V. Harbach, II<br>Counsel for the United States<br>U.S. Department of Justice<br>Criminal Division<br>Public Integrity Section<br>1400 New York Avenue, N.W., Suite 12100<br>Washington, D.C. 20005<br>Phone: 202-514-1412<br>Fax: 202-514-3003<br>Email: david.harbach@usdoj.gov<br>*Intervenor* | |

           /s/

Richard Cullen (VSB No. 16765)
Anne Whittemore (VSB No. 09221)
Anne B. McCray (VSB No. 42209)
Ryan E. Bonistalli (VSB No. 76517)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Telephone: (804) 775-1000
Facsimile: (804) 775-1065
Email: rcullen@mcguirewoods.com
Email: awhittemore@mcguirewoods.com
Email: amccray@mcguirewoods.com
Email: rbonistalli@mcguirewoods.com

*Counsel for Defendant Jonnie R. Williams, Sr.*