IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE STAR SCIENTIFIC, INC.　　　　 )　 Master File No.  3:13-CV-00183-JAG
SECURITIES LITIGATION　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )　 CLASS ACTION
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
_____ )

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending before the Court entitled *In Re Star Scientific, Inc.,*
*Securities Litigation*, No. 3:13-cv-00183-JAG (the "Action");

WHEREAS, the Court has received the Amended Stipulation of Settlement, dated as of
February 5, 2015 (the "Amended Stipulation"), that has been entered into by Lead Plaintiff and
Defendants, and the Court has reviewed the Amended Stipulation and its attached Exhibits;

WHEREAS, Lead Plaintiff, having made application pursuant to Federal Rule of Civil
Procedure 23(e) for an order preliminarily approving the settlement of this Action, in accordance
with the Amended Stipulation which, together with the Exhibits annexed thereto, sets forth the
terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with
prejudice upon the terms and conditions set forth therein; and the Court having read and
considered the Amended Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth
in the Amended Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.　　　　The Court does hereby preliminarily approve the Amended Stipulation and the
Settlement set forth therein, subject to further consideration at the Final Approval Hearing

described below.

2.      Pending the Final Approval Hearing described below, Settlement Class Members are enjoined from commencing or prosecuting any claim or action that was or could have been asserted in the Action or arose out of the Released Claims.

3.      Pending further order of the court, all litigation activity, except that contemplated in this order, in the Amended Stipulation and exhibits thereto is hereby stayed and all hearings, deadlines and other proceedings in this Action except the Final Approval Hearing are hereby taken off calendar.

4.      A hearing (the "Final Approval Hearing") shall be held before this Court on June 22, 2015, at 10:00 a.m., at the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, Virginia, 23219 to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Amended Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in ¶1.18 of the Amended Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel and any incentive award to Lead Plaintiff.  The Court may adjourn the Final Approval Hearing without further notice to Members of the Settlement Class.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased or otherwise acquired Star Scientific common stock during the period between May 10, 2011, and September 12, 2014, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are any and all Released Parties. Also excluded

from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency of Settlement.

6.      With respect to the Settlement Class, this Court preliminarily finds for purposes of effectuating this Settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

7.      The Court approves, as to form and content, the Notice of Pendency of Settlement (the "Notice"), the Proof of Claim and Release Form (the "Proof of Claim") and Summary Notice of Pendency of Settlement ("Summary Notice") annexed as Exhibits A-1, A-2, and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-7 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.  Non-material changes to the

3

form of Notice, Summary Notice, and Proof of Claim may be made without further approval of the Court.

8.      Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints Angeion Group ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Not later than March 12, 2015, (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort;

(b)      Not later than March 9, 2015, Lead Counsel shall cause the Summary Notice in the form annexed as Exhibit A-3 hereto, to be published once in Investor's Business Daily;

(c)      Not later than March 9, 2015, Lead Counsel shall cause the Notice, Proof of Claim, and Amended Stipulation with its Exhibits to be posted on the following websites: www.robbinsarroyo.com/notices and www.StarScientificSecuritiesSettlement.com; and

(d)      On or before June 11, 2015, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

9.      Nominees who hold or held Star Scientific common stock purchased or otherwise acquired between May 10, 2011, and September 12, 2014, inclusive, for the beneficial ownership of another Person, shall send the Notice and the Proof of Claim to such beneficial owners of such Star Scientific common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks,

4

brokerage houses, or other nominees solely for their reasonable expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Nominees who do not intend to comply with the provisions of this paragraph shall be requested, pursuant to the "Special Notice to Banks, Brokers, and Other Nominees" section contained in the Notice annexed as Exhibit A-1 hereto, to notify the Claims Administrator of that fact.

10.     All Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

11.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than June 11, 2015. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by the Amended Stipulation. Such Settlement Class Member, despite having failed to timely submit a Proof of Claim, shall continue to be bound by the terms of the Settlement unless such Person has requested exclusion from the Settlement Class within the time set forth and in the manner described in the Notice.

12.     Any Person who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice. Upon receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Lead Counsel and counsel for Defendants of such request(s) and provide them copies of such request(s) and the documentation accompanying them by facsimile or electronic mail.

5

13.     All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Amended Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Amended Stipulation or the Judgment entered in the Action.

14.     Any Member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If he, she or it does not enter an appearance, he, she, or it will be represented by Lead Counsel.

15.     Any Settlement Class Member may appear and show cause, if he, she, or it has any reason, why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Virginia, on or before June 1, 2015, and delivered copies of any such papers to: Robbins Arroyo LLP, Stephen J. Oddo, 600 B Street, Suite 1900, San Diego, CA 92101, and to K&L Gates LLP, Nicholas George Terris, 1601 K St., NW, Washington, D.C. 20006, such that they are received on or before the same date. Any Settlement Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Amended

Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

16.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Amended Stipulation and/or further order(s) of the Court.

17.     All papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses shall be filed and served on or before May 26, 2015. Any reply papers in response to objections shall be filed and served on or before June 12, 2015.

18.     Neither the Defendants nor their Related Parties shall have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

19.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or expenses shall be approved.

20.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Amended Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, as provided under Section 5.1 of the Amended Stipulation.

21.     Neither the Amended Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or

7

concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that the Lead Plaintiff or any Settlement Class Members have suffered any damages, harm, or loss.

22.     In the event that the Settlement does not become effective in accordance with the terms of the Amended Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Amended Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Amended Stipulation.

23.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: __2/27/15__     _/s/_ _____
                         John A. Gibney, Jr.
                         United States District Judge
                         THE HONORABLE JOHN A. GIBNEY, JR.
                         UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE STAR SCIENTIFIC, INC. SECURITIES LITIGATION | ) Master File No. 3:13-CV-00183-JAG )<br>) CLASS ACTION )<br>)<br>)<br>)<br>)<br>) EXHIBIT A-1 |

## NOTICE OF PENDENCY OF SETTLEMENT OF CLASS ACTION

**IF YOU PURCHASED OR OTHERWISE ACQUIRED STAR SCIENTIFIC, INC. ("STAR SCIENTIFIC") COMMON STOCK BETWEEN MAY 10, 2011, AND SEPTEMBER 12, 2014, INCLUSIVE, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.[1]**

**A federal court authorized this Notice.  This is not a solicitation from a lawyer.**

## SUMMARY OF IMPORTANT INFORMATION

**Covered Securities and Time Period:** Star Scientific Common Stock (STSI) purchased or acquired between May 10, 2011 and September 12, 2014 ("Class Period").

**Total Settlement Amount:** $5,900,000 in cash.  Your right to recover a portion of the Settlement Amount will depend upon various factors, including the length of time you held Star Scientific shares and your actual loss on your investment, as well as any litigation and settlement expenses authorized by the Court.

**Nature of the Case.** This case is a class action that alleges that Defendants made materially false and misleading statements regarding pre-clinical and clinical studies of Star Scientific's main product and the regulatory status of two of Star Scientific's products.  Lead Plaintiff claimed that as a result of these alleged false and misleading statements, the market price of Star Scientific's common stock was artificially and improperly inflated between May 10, 2011 and September 12, 2014, and that Settlement Class Members overpaid for Star Scientific common stock purchased during this time period.

**Reasons for Settlement:** Lead Plaintiff recognizes the uncertainty of proving liability, the uncertainty of proving damages, and the uncertainty of proving all the elements required for class certification.  Lead Plaintiff also recognizes the additional cost and delay of continuing the

---

[1] This Notice incorporates by reference the definitions in the Amended Stipulation of Settlement dated February 5, 2015 (the "Amended Stipulation"). All capitalized terms used but not defined herein shall have the same meanings as in the Amended Stipulation available on the following websites: www.robbinsarroyo.com/notices and www.StarScientificSecuritiesSettlement.com.

litigation.  Finally, Lead Plaintiff recognizes that continued litigation would likely deplete the remaining insurance coverage for this claim.

**Potential Outcome of Case**: The settlement must be compared to the risk of no recovery after contested motions, trial and likely appeals.  These risks include a finding that: (i) Defendants disclosed all material information regarding the pre-clinical and clinical studies of Star Scientific's main product and the regulatory status of two of Star Scientific's products; (ii) Lead Plaintiff's losses were not caused by any alleged wrongdoing by the Defendants; and (iii) Plaintiff could not represent a class of all other purchasers of Star Scientific common stock.

The issues on which the Settling Parties did not agree and would contest included, but were not limited to, the following: (i) whether the Defendants disclosed all material information regarding the pre-clinical and clinical studies of Star Scientific's main product and the regulatory status of two of Star Scientific's products; (ii) whether the Plaintiff's losses were caused by any alleged wrongdoing by the Defendants; and (iii) whether the Plaintiffs can represent all other purchasers of Star Scientific shares.

**Statement of the Parties' Position on Damages**:  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. The Parties disagree on, among other things: (a) the amount of loss, if any, allegedly caused by the alleged misrepresentations and omissions; and (b) whether the alleged misrepresentations and omissions were material to investors. The Defendants do not agree with the assertion that they engaged in any actionable conduct under the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

**Attorneys' Fees and Expenses**:  Class Counsel has not received any payment for their work investigating the facts, prosecuting this case and negotiating the settlement on behalf of Lead Plaintiff and the Class.  Class Counsel will ask the Court for attorneys' fees of up to 33.3% of the Settlement Fund and for litigation expenses in an amount not to exceed $100,000.  Class Members are not personally liable for any such fees or expenses.  The fee requested will compensate Lead Plaintiff's Counsel for their work in achieving the settlement and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type. If the Court approves the fee and expense application, the average amount of attorneys' fees and litigation expenses per share will be $0.0204.   In addition, Lead Plaintiff has incurred expenses and devoted substantial effort directly related to the representation of the Class for which he will seek reimbursement in an amount not to exceed $10,000.   The only additional expense charged against the Settlement Fund will be the costs of administration of the settlement by the Claims Administrator.

**Your Proof of Claim Form**: Accompanying this Notice is a Proof of Claim Form.  To qualify for payment you must provide all of the requested information with respect to your Star Scientific shares that you acquired during the Class Period, with respect to your sale proceeds and dividend income from those purchases, whether such transactions resulted in a profit or loss. Failure to report all such transactions may result in the rejection of your claim. *Proof of Claim forms must be postmarked no later than June 11, 2015 and mailed to In re Star Scientific, Inc. Sec. Litig., Claims Administrator, at the address on the form.*

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **REQUEST EXCLUSION BY JUNE 1, 2015** | You may ask to be excluded from the Class. If you exclude yourself from the Class, you will get no payment. This is the only option that allows you to participate in or continue with another lawsuit, including an arbitration, relating to the Released Claims as defined at page 7. |
| **OBJECT BY JUNE 1, 2015** | You may write to the Court if you do not like this settlement, the Plan of Allocation, Class Counsel's request for attorneys' fees and expenses, or the Lead Plaintiff's request for reimbursement for time and expenses in representing the Class. |
| **APPEAR AT THE SETTLEMENT HEARING ON JUNE 22, 2015, AT 10:00 A.M.** | You may ask to speak in Court about the fairness of the settlement, the proposed Plan of Allocation, Class Counsel's request for attorneys' fees and reimbursement of expenses, or the Lead Plaintiff's request for reimbursement for time and expenses in representing the Class. |
| **DO NOTHING** | Receive no payment and lose the ability to pursue the Released Claims against the Released Defendant Parties. See page 7 below. |

## BASIC INFORMATION

### Why did I get this notice package?

You or someone in your family may have purchased Star Scientific common stock between May 10, 2011, and September 12, 2014, inclusive. The U.S. District Court for the Eastern District of Virginia (the "Court") directed that you be sent this Notice because you have a right to know about a proposed Settlement of the above-captioned Action ("Action") and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows. This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### What is this lawsuit about?

This case was brought as a class action alleging that Defendants made materially false and misleading statements regarding Johns Hopkins University School of Medicine's purported involvement in pre-clinical and clinical studies of Star Scientific's main product, Anatabloc®. Lead Plaintiff also alleges that Defendants made materially false and misleading statements about the regulatory status of Star Scientific's two products Anatabloc® and CigRx®. Lead Plaintiff claimed that as a result of these alleged false and misleading statements, the market

price of Star Scientific's common stock was artificially and improperly inflated between May 10, 2011 and September 12, 2014, and that Settlement Class Members overpaid for Star Scientific common stock purchased during this time period.

Defendants deny all of Lead Plaintiff's allegations and further deny that they did anything wrong. Defendants also deny that Lead Plaintiff or the Settlement Class suffered damages or that the price of Star Scientific common stock was artificially inflated by reasons of alleged misrepresentations or non-disclosures.

### Why is this a class action?

In a class action, one or more people called class representatives sue on behalf of people who have similar claims. All of these people and/or entities are called a class or class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

### Why is there a Settlement?

The Court did not decide in favor of the Lead Plaintiff or Defendants. Instead, the Parties and the lawyers for both sides of the lawsuit have negotiated a Settlement that they believe is in the best interests of their respective clients. The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Settlement Class Members to be compensated without further delay. Lead Plaintiff and their attorneys think the Settlement is best for all Settlement Class Members.

## WHO GETS MONEY FROM THE SETTLEMENT

### How do I know if I am part of the Settlement Class?

The Settlement Class includes all purchasers or acquirers of Star Scientific common stock during the Settlement Class Period, which is between May 10, 2011, and September 12, 2014, inclusive, and who were allegedly damaged thereby.

### Are there exceptions to being included in the Settlement Class?

Yes. Excluded from the Settlement Class are any and all Defendants and any and all of a Defendant's past or present directors, officers, employees, affiliates, associates, agents, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, attorneys, accountants, auditors, underwriters, advisors, investment advisors, personal or legal representatives, predecessors, successors, assigns, parents, subsidiaries, divisions, joint ventures, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling legal or beneficial interest (directly or indirectly) or that is related to or affiliated with any Defendant. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### What does the Settlement provide?

Defendants have agreed to cause certain of Star Scientific's insurers to pay from certain D&O Policies $5,900,000 in cash (the "Settlement Amount"). The Settlement Amount, plus interest earned from the date it is established, less costs, fees, and expenses (the "Net Settlement Amount"), will be divided among all eligible Settlement Class Members who send in valid Proofs of Claim ("Authorized Claimants"). Costs, fees, and expenses include Court-approved attorneys' fees and expenses, any Court-approved award to Lead Plaintiff, the costs of notifying the Settlement Class, including the costs of printing and mailing this Notice and publication notice, the costs of claims administration, and taxes on the Settlement Fund.

### How much will my payment be?

Your share of the Net Settlement Amount will depend on the number of valid Claims submitted, the number of shares of Star Scientific common stock you purchased during the Settlement Class Period, and the dates on which you bought and sold your shares. Lead Counsel conferred with their damage consultants for the purpose of determining the amount an Authorized Claimant may recover under the "Plan of Allocation". The Plan of Allocation reflects an assessment of damages that Lead Counsel believe could have been recovered had Lead Plaintiff prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Amount, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Amount is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Amount that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants (his, her, or its "*Pro Rata* Share"). In the event an Authorized Claimant's claim or *Pro Rata* Share is less than $5.00, no payment will be made due to the administrative time and cost associated with the issuance of payments. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A "Claim" will be calculated as follows[2]:

| | |
|---|---|
| January 23, 2013 Price Decline: | $0.31 |
| September 12, 2014 Price Decline: | $0.03 |
| PSLRA 90 day look-back amount: | $0.23 |

For shares of Star Scientific common stock <u>purchased, or acquired, on or between May 10, 2011 through January 22, 2013,</u> the claim per share shall be as follows:

    a) If sold prior to January 23, 2013, the claim per share is zero.

---

[2] The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. Furthermore, if any of the formulas set forth below yield an amount less than $0.00 the claim per share is $0.00.

b) If sold on, or between, January 23, 2013 through September 11, 2014, the claim per share shall be the lesser of (i) $0.31 (January 23, 2013 price decline), or (ii) the difference between the purchase price and the selling price;

c) If retained at the end of September 11, 2014 and sold before December 10, 2014, the claim per share shall be the lesser of (i) $0.34 (January 23, 2013 & September 12, 2014 price declines); or (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

d) If retained, or sold, on or after December 10, 2014, the claim per share shall be the lesser of: (i) $0.34 (January 23, 2013 & September 12, 2014 price decline), or (ii) the difference between the purchase price per share and $0.23 per share.

For shares of Star Scientific common stock purchased, or acquired, on or between January 23, 2013 through September 11, 2014, the claim per share shall be as follows:

a) If sold prior to September 12, 2014, the claim per share is zero.

b) If retained at the end of September 11, 2014 and sold before December 10, 2014, the claim per share shall be the lesser of (i) $0.03 (September 12, 2014 price decline); or (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

c) If retained, or sold, on or after December 10, 2014, the claim per share shall be the lesser of: (i) $0.03 (September 12, 2014 price declines), or (ii) the difference between the purchase price per share and $0.23 per share.

For shares of Star Scientific common stock purchased, or acquired, on September 12, 2014, the claim per share shall be $0.00[3].

Under the Private Securities Litigation Reform Act (PSLRA), a plaintiff generally may not recover more than the difference between the purchase price and the average trading price of the stock during the 90-day period following the end of the Class Period. The chart below sets forth: (i) in the first column, the Closing Price of Star Scientific shares for each of the 90 days following the end of the Class Period; and (ii) in the second column, the Average Closing Price for Star Scientific shares as of that date. The average closing price for Star Scientific common stock at the end of the 90-day period beginning September 12, 2014 and ending December 10, 2014 is $0.23.

---

[3]   Please note that although the Class Period includes September 12, 2014, shares of Star Scientific common stock that were purchased and/or acquired on September 12, 2014 are not eligible for a recovery under the Plan of Allocation because the disclosure made on September 12, 2014 that Plaintiff alleges corrected earlier alleged misrepresentations and omissions was made before the opening of trading that day.

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|------|---------------|-----------------------|------|---------------|-----------------------|
| 9/12/2014 | $0.27 | $0.27 | 10/29/2014 | $0.26 | $0.28 |
| 9/15/2014 | $0.26 | $0.27 | 10/30/2014 | $0.27 | $0.28 |
| 9/16/2014 | $0.25 | $0.26 | 10/31/2014 | $0.25 | $0.27 |
| 9/17/2014 | $0.24 | $0.26 | 11/3/2014 | $0.26 | $0.27 |
| 9/18/2014 | $0.24 | $0.25 | 11/4/2014 | $0.23 | $0.27 |
| 9/19/2014 | $0.33 | $0.27 | 11/5/2014 | $0.22 | $0.27 |
| 9/22/2014 | $0.26 | $0.26 | 11/6/2014 | $0.19 | $0.27 |
| 9/23/2014 | $0.26 | $0.26 | 11/7/2014 | $0.20 | $0.27 |
| 9/24/2014 | $0.26 | $0.26 | 11/10/2014 | $0.20 | $0.27 |
| 9/25/2014 | $0.26 | $0.26 | 11/11/2014 | $0.20 | $0.26 |
| 9/26/2014 | $0.25 | $0.26 | 11/12/2014 | $0.19 | $0.26 |
| 9/29/2014 | $0.25 | $0.26 | 11/13/2014 | $0.19 | $0.26 |
| 9/30/2014 | $0.28 | $0.26 | 11/14/2014 | $0.18 | $0.26 |
| 10/1/2014 | $0.27 | $0.26 | 11/17/2014 | $0.18 | $0.26 |
| 10/2/2014 | $0.26 | $0.26 | 11/18/2014 | $0.17 | $0.26 |
| 10/3/2014 | $0.29 | $0.26 | 11/19/2014 | $0.17 | $0.25 |
| 10/6/2014 | $0.28 | $0.27 | 11/20/2014 | $0.16 | $0.25 |
| 10/7/2014 | $0.27 | $0.27 | 11/21/2014 | $0.16 | $0.25 |
| 10/8/2014 | $0.27 | $0.27 | 11/24/2014 | $0.16 | $0.25 |
| 10/9/2014 | $0.26 | $0.27 | 11/25/2014 | $0.16 | $0.25 |
| 10/10/2014 | $0.28 | $0.27 | 11/26/2014 | $0.16 | $0.25 |
| 10/13/2014 | $0.32 | $0.27 | 11/28/2014 | $0.15 | $0.24 |
| 10/14/2014 | $0.32 | $0.27 | 12/1/2014 | $0.15 | $0.24 |
| 10/15/2014 | $0.31 | $0.27 | 12/2/2014 | $0.15 | $0.24 |
| 10/16/2014 | $0.31 | $0.27 | 12/3/2014 | $0.17 | $0.24 |
| 10/17/2014 | $0.32 | $0.28 | 12/4/2014 | $0.20 | $0.24 |
| 10/20/2014 | $0.30 | $0.28 | 12/5/2014 | $0.21 | $0.24 |
| 10/21/2014 | $0.28 | $0.28 | 12/8/2014 | $0.17 | $0.24 |
| 10/22/2014 | $0.27 | $0.28 | 12/9/2014 | $0.17 | $0.24 |
| 10/23/2014 | $0.29 | $0.28 | 12/10/2014 | $0.15 | $0.23 |
| 10/24/2014 | $0.28 | $0.28 | | | |
| 10/27/2014 | $0.26 | $0.28 | | | |
| 10/28/2014 | $0.26 | $0.28 | | | |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Settlement Class Members who made multiple purchases, acquisitions, or sales during the Settlement Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of common stock during the Settlement Class Period will be matched, in chronological order, against common stock purchased or acquired during the Settlement Class Period.

An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Amount only if a Settlement Class Member had a net loss. All gains and losses (as calculated under the above plan) will be combined and thereafter netted against each other.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff, Lead Counsel, any claims administrator, or other Person designated by Lead Counsel based on distributions made substantially in accordance with the Amended Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Amount (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Amended Stipulation, including the terms of any judgment entered and the releases given.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### How will I get a payment?

To qualify for a payment, you must send in a Proof of Claim. A Proof of Claim is enclosed with this Notice. Read the instructions carefully, fill out the form, include all documents the form asks for, sign it, and mail it in postmarked no later than ninety (90) calendar days after the Notice Date, by June 11, 2015.

### When would I get my payment?

The Court will hold a hearing to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all the claim forms to be processed. If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Amount as early as nine months after the Final Approval Hearing. Please be patient.

### What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or about issues that could have been asserted in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your Claims in this case against the Released Parties.

"Released Claims" shall collectively mean all claims you could make based on your acquisition or ownership of Star Scientific stock. It includes all claims, debts, liabilities, suits, demands, rights, liabilities and causes of action of every nature and description whatsoever (including, without limitation, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether based on federal, foreign, international, state, local, statutory or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, suspected or unsuspected, discoverable or undiscoverable, at law or in equity, matured or unmatured, whether class, derivative, or individual in nature, including both known claims and Unknown Claims (as defined below): (i) that have been asserted in the Action by the Lead

Plaintiff and/or Settlement Class Members or any of them against any of the Released Parties, including, without limitation, any claims arising out of or relating to any of the alleged acts, omissions, representations, facts, events, matters, transactions, or occurrences asserted in or relating to the Action, or otherwise alleged, asserted, or contended in the Action; (ii) that could have been alleged, asserted, or contended in any forum by the Lead Plaintiff or the Settlement Class Members or any of them against any of the Released Parties arising out of or relating to the alleged acts, omissions, representations, facts, events, matters, transactions, or occurrences asserted in or relating to the Action, or that otherwise could have been alleged, asserted, or contended in the Action or a separate action alleging misstatements or omissions by the Released Parties, whether by way of a supplemental complaint or otherwise; or (iii) that arise out of, are based upon, or relate in any way to alleged misstatements or omissions by the Released Parties or the purchase of or an investment in Star Scientific stock during the Settlement Class Period, including, without limitation, claims for fraud, negligent misrepresentation, negligence, gross negligence, breach of duty of care, breach of duty of loyalty, breach of express or implied contract, unjust enrichment, or violations of any state or federal or foreign or international statutes or regulations, or based upon or related in any way to the purchase, acquisition, sale, or holding of Star Scientific stock by the Lead Plaintiff or any Settlement Class Member, on behalf of themselves, their heirs, executors, administrators, successors, and assigns against the Released Parties, their Related Parties, or any of them.  Without limiting the generality of the foregoing, Released Claims also include any and all claims, debts, suits, demands, liabilities, rights, and causes of action however denominated and of every nature and description whatsoever (including Unknown Claims) against the Released Parties or their Related Parties that arise out of or relate to or are in connection with the Settlement or the defense or resolution of the Action, except claims to enforce any of the terms of this Amended Stipulation.

"Released Parties" means each and all of the Defendants and each and all of their Related Parties.

"Related Parties" means each of a Defendant's past or present directors, officers, employees, affiliates, associates, agents, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, attorneys, accountants, auditors, underwriters, advisors, investment advisors, personal or legal representatives, predecessors, successors, assigns, parents, subsidiaries, divisions, joint ventures, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling legal or beneficial interest (directly or indirectly) or that is related to or affiliated with any Defendant.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same issues in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to as "opting-out" of the Settlement Class.

### How do I get out of the Settlement Class?

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from the proposed Settlement in *In re Star Scientific, Inc. Securities Litig.*, No. 3:13-CV-00183-JAG. You must include your name, address, telephone number, your signature, all purchases and sales of Star Scientific common stock made during the Settlement Class Period and the dates of such purchases and sales, and the price paid or received for each such purchase or sale. You must mail your exclusion request postmarked no later than twenty-one (21) calendar days before the date of the Final Approval Hearing, by June 1, 2015 to *In re Star Scientific, Inc. Securities Litig.*, No. 3:13-CV-00183-JAG, EXCLUSIONS, c/o Angeion Group, 1801 Market Street, Suite 660, Philadelphia, PA 19103.

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

## THE LAWYERS REPRESENTING YOU

### Do I have a lawyer in this case?

The Court appointed the law firm of Robbins Arroyo LLP to represent you and other Settlement Class Members. These lawyers are called Lead Counsel. These lawyers will apply to the Court for payment from the Settlement Fund; you will not otherwise be charged for their work. If you want to be represented by your own lawyer, you may hire one at your own expense.

### How will the lawyers be paid?

At the Final Approval Hearing, Lead Counsel will request the Court to award attorneys' fees of 33.3% of the Settlement Fund and for expenses in an amount not to exceed $100,000 which were incurred in connection with the Action, as well as up to $10,000 for reimbursement for time and expenses for the Lead Plaintiff in representing the Class. This compensation will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. To date, Lead Counsel have not received any payment for their services in conducting this Action on behalf of the Lead Plaintiff and the Settlement Class, nor have counsel been paid for their expenses. The fee requested will compensate Lead Counsel for their work in achieving the Settlement and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement, the Plan of Allocation, or Lead Plaintiff's request for an award of attorneys' fees and expenses.

### How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member (and you have not excluded yourself), you can object to the Settlement, the request for attorneys' fees and expenses, or the Plan of Allocation if you do not like any part of it. You can give reasons why you think the Court should not approve the Settlement, the request for attorneys' fees and expenses, or the Plan of Allocation. The Court will consider your views. To object, you must send a signed letter saying that you object to the

proposed Settlement in *In re Star Scientific, Inc. Securities Litig.*, No. 3:13-CV-00183-JAG. Be sure to include your name, address, telephone number, your signature, the number of shares of Star Scientific common stock purchased between May 10, 2011 through and including September 12, 2014, inclusive, and the reasons you object to the Settlement, the requested attorneys' fees and expenses, or the Plan of Allocation. Any such objection must be filed with the Clerk of the U.S. District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219, and mailed or delivered such that it is received by each of the following no later than twenty-one (21) calendar days before the date of the Final Approval Hearing, by June 1, 2015:

<table>
<tr><td align="center">*Lead Counsel*:</td><td align="center">*Counsel for Defendants:*</td></tr>
<tr><td align="center">ROBBINS ARROYO LLP</td><td align="center">K & L GATES LLP</td></tr>
<tr><td align="center">STEPHEN J. ODDO, ESQ.</td><td align="center">NICHOLAS GEORGE TERRIS</td></tr>
<tr><td align="center">600 B Street, Suite 1900</td><td align="center">1601 K St., NW</td></tr>
<tr><td align="center">San Diego, CA 92101</td><td align="center">Washington, D.C. 20006</td></tr>
</table>

### What is the difference between objecting and excluding myself from the Settlement?

Objecting is telling the Court that you do not like something about the proposed Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer applies to you.

## THE FINAL APPROVAL HEARING

### When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at 10:00 a.m., on June 22, 2015, at the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court may move the date or time of the Final Approval Hearing to a later date or time without further written notice to you. If the date or time of the Final Approval Hearing is changed the new date or time will be posted at www.StarScientificSecuritiesSettlement.com. If there are objections, the Court will consider them. Judge John A. Gibney, Jr. will listen to people who have asked to speak at the Final Approval Hearing.

### Do I have to come to the Final Approval Hearing?

No. Lead Counsel will answer questions the Court may have. You are welcome to come at your own expense. You may also pay your own lawyer to attend, but you are not required to do so.

### May I speak at the Final Approval Hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that it is your intention to appear in *In re Star Scientific, Inc. Securities Litig.*, No. 3:13-CV-00183-JAG. Your notice of intention to appear must be received no later than June 1, 2015 by the Clerk of the Court, Lead Counsel, and counsel for Defendants,

at the addresses listed above.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

### What happens if I do nothing at all?

If you do nothing, you will get no money from this Settlement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same issues in this case.

### Special notice to banks, brokers, and other nominees

If you hold or held any Star Scientific common stock during the Settlement Class Period as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) e-mail a list of the names and addresses of such Persons to the Claims Administrator at starscientific@angeiongroup.com or contact the Claims Administrator at 215-563-4116.  If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

### Are there more details about the Settlement?

This Notice summarizes the proposed Settlement.  More details are in the Amended Stipulation, which has been filed with the Court.  You can get a copy of the Amended Stipulation from the Clerk of the Court's office during regular business hours, or you can call or write to a representative of Lead Counsel, c/o Darnell Donahue, Shareholder Relations, Robbins Arroyo LLP, 600 B Street, Suite 1900, San Diego, California 92101, 1-800-350-6003.  You can also obtain a copy of the Amended Stipulation and other Settlement information by going to www.robbinsarroyo.com/notices or www.StarScientificSecuritiesSettlement.com.

**PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT FOR ADDITIONAL INFORMATION ABOUT THE SETTLEMENT**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE STAR SCIENTIFIC, INC. SECURITIES LITIGATION | ) Master File No. 3:13-CV-00183-JAG<br>)<br>) CLASS ACTION<br>)<br>) |

## PROOF OF CLAIM AND RELEASE

### I.   GENERAL INSTRUCTIONS

1      To recover as a Settlement Class Member in the action entitled *In re Star Scientific, Inc. Securities litigation*, Master File No. 3:13-CV-00183-JAG (the "Action"), you must complete and, on page 7 hereof, sign this Proof of Claim and Release Form ("Proof of Claim"). If you fail to file a properly addressed Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the settlement of the Action.

3      You must mail your completed and signed Proof of Claim postmarked no later than ninety calendar days after the mailing of the Notice of Pendency of Settlement of Class Action, by June 11, 2015, addressed as follows:

Claims Administrator
*In re Star Scientific, Inc.*
The Angeion Group
1801 Market St., Suite 660
Philadelphia, PA 19103

4      If you are NOT a member of the Settlement Class (as defined below) DO NOT submit a Proof of Claim and Release.

5      If you are a Settlement Class Member (as defined below) and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, whether or not you submit a Proof of Claim.

### II.   CLAIMANT IDENTIFICATION

6      This Proof of Claim and Release is directed to all persons and entities who purchased or otherwise acquired Star Scientific common stock during the period between May 10, 2011, and September 12, 2014, inclusive ("Settlement Class Period"), and who were allegedly damaged thereby. Excluded from the Settlement Class are each and all of the

Defendants and each and all of a Defendant's past or present directors, officers, employees, affiliates, associates, agents, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, attorneys, accountants, auditors, underwriters, advisors, investment advisors, personal or legal representatives, predecessors, successors, assigns, parents, subsidiaries, divisions, joint ventures, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling legal or beneficial interest (directly or indirectly) or that is related to or affiliated with any Defendant. Also excluded from the Settlement are Class Members who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency of Settlement.

7 If you purchased Star Scientific, Inc. ("Star Scientific") common stock during the Settlement Class Period and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Star Scientific common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

8 Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Star Scientific common stock which forms the basis of this Proof of Claim. This Proof of Claim must be filed by the actual beneficial purchaser(s) or the legal representative of such purchaser(s) of the Star Scientific common stock upon which this Proof of Claim is based.

9 All joint purchasers must sign this Proof of Claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim on behalf of persons represented by them and their authority must accompany this Proof of Claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the Proof of Claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III. PROOF OF CLAIM FORM

10 Use Part II of this form entitled "Schedule of Transactions in Star Scientific Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

11 On the schedules, provide all of the requested information with respect to *all* of your purchases/acquisitions/free receipts and sales/transfers/free deliveries of Star Scientific common stock during the Settlement Class Period, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the shares of Star Scientific common stock you held at the close of trading on May 9, 2011, and December

9, 2014.  Failure to report all such transactions and positions may result in the rejection of your claim.

12      List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.  The date of covering a "short sale" is deemed to be the date of purchase of Star Scientific common stock.  The date of a "short sale" is deemed to be the date of sale of Star Scientific common stock.

13      Copies of broker confirmations or other documentation of your transactions in Star Scientific common stock should be attached to your Proof of Claim.  Failure to provide this documentation could delay verification of your Proof of Claim or result in rejection of your claim.

14      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies.  If you wish to file your Proof of Claim electronically, you must contact the Claims Administrator at starscientific@angeiongroup.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1      Please sign the release and declaration.

2      Remember to attach supporting documentation, if available.

3      Do not send original stock certificates.

4      Keep a copy of your Proof of Claim and all supporting documentation for your records.

5      If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6      If you move, please send us your new address.

## Must Be Postmarked No Later Than:
## June 11, 2015

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                                                    State or Province

_____        _____
Zip Code or Postal Code                                    Country

_____        _____        Individual
Social Security Number or                          _____        Corporation/Other
Employer Identification Number

_____        _____
Area Code                                     Telephone Number (work)

_____        _____
Area Code                                     Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

- 4 -

PART II:        SCHEDULE OF TRANSACTIONS IN STAR SCIENTIFIC COMMON STOCK

A.      Number of shares of Star Scientific common stock held at the close of trading on
        May 9, 2011: _____

B.      Purchases/acquisitions/free receipts of Star Scientific common stock (May 10,
        2011, and December 9, 2014, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased | Price Per Share | Total Purchase Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

C.      Sales/transfers/free deliveries of Star Scientific common stock (May 10, 2011,
        and December 9, 2014, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Price Per Share | Total Sales Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

D.      Number of shares of Star Scientific common stock held at the close of trading on
        December 9, 2014: _____

**YOU MUST READ AND SIGN THE RELEASE ON PAGES 7-8.  FAILURE TO SIGN
THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION
OF YOUR CLAIM.**

## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the U.S. District Court for the Eastern District of Virginia, with respect to my (our) claim as a Claimant and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Star Scientific securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of Star Scientific common stock during the Settlement Class Period and know of no other person having done so on my (our) behalf.

## V.   RELEASE

1     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Claims and Unknown Claims each and all of the Released Parties.

2     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

3     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Star Scientific common stock which occurred during the Settlement Class Period as well as the number of shares of Star Scientific common stock held by me (us) at the close of trading on May 9, 2011, and December 9, 2014.

4     I (We) certify that the Social Security number(s)/employer identification number provided are accurate and complete, if applicable.

- 6 -

5    I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. **NOTE:** If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

6    I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this ___ day of _____ (Month/Year) in _____ (City/State/Country).

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor, or Administrator)

Executed this ___ day of _____ (Month/Year) in _____ (City/State/Country).

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor, or Administrator)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE STAR SCIENTIFIC, INC.<br>SECURITIES LITIGATION | )  Master File No.  3:13-CV-00183-JAG<br>)<br>)  <u>CLASS ACTION</u><br>)<br>)<br>)<br>)<br>)<br>_____ ) |

## SUMMARY NOTICE OF PENDENCY OF SETTLEMENT

TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED STAR
SCIENTIFIC, INC. ("STAR SCIENTIFIC") COMMON STOCK BETWEEN MAY
10, 2011, AND SEPTEMBER 12, 2014,  INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to the Preliminary Approval Order of the

U.S. District Court Eastern District of Virginia, that a hearing will be held on June 22, 2015, at

10:00 a.m., before the  Honorable John A. Gibney, Jr. at the Spottswood W. Robinson III and

Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, for

the purpose of determining: (1) whether the proposed settlement of the claims in the  Action

for the sum of $5,900,000 in cash should be approved by the Court as fair, reasonable, and

adequate; (2) whether a Settlement Class should be certified for purposes of the Settlement;

(3)  whether, thereafter, this Action should be dismissed with prejudice pursuant to the terms

and  conditions set forth in the Stipulation; (4) whether the Plan of Allocation is  fair,

reasonable, and adequate, and therefore should be  approved; and (5) whether the

application of Lead Counsel for the payment of attorneys'  fees and expenses incurred in

connection with this Action should be approved.

If you purchased or otherwise acquired Star Scientific common stock during the

period between  May 10, 2011, and September 12, 2014, inclusive, and were allegedly

damaged thereby, your rights  may be affected by the settlement of this Action.  Excluded

from the Settlement Class are any and all Released Parties. If you have not received a detailed Notice of Pendency of Settlement ("Notice") and a copy of the Proof of Claim and Release Form ("Proof of Claim"), you may obtain copies by going to www.StarScientificSecuritiesSettlement.com or www.robbinsarroyo.com/notices or writing to *Star Scientific Securities Litigation*, Angeion Group, 1801 Market Street, Suite 660, Philadelphia, PA 19103. If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail or online no later than June 11, 2015, establishing that you are entitled to recovery. If you desire to be excluded from the Settlement Class, you must submit a request for exclusion postmarked by June 1, 2015, in the manner and form explained in the detailed Notice referred to above. All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the terms and conditions of the Amended Stipulation.

Any objection to the Settlement must be mailed or delivered such that it is received by each of the following no later than June 1, 2015:

> *Court:*
> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> Eastern District of Virginia
> Spottswood W. Robinson III and
> Robert R. Merhige, Jr., Federal Courthouse
> 701 East Broad Street
> Richmond, VA 23219
>
> *Lead Counsel:*
> Stephen J. Oddo
> ROBBINS ARROYO LLP
> 600 B Street, Suite 1900
> San Diego, CA 92101
>
> *Counsel for Defendants:*

Nicholas George Terris
K & L GATES LLP
1601 K St., NW
Washington, D.C. 20006

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE
REGARDING THIS NOTICE. If you have any questions about the Settlement, you may contact
counsel for the Lead Plaintiff at the addresses listed above or go to the following websites:
www.robbinsarroyo.com/notices or www.StarScientificSecuritiesSettlement.com.

DATED:_____, 2015      BY ORDER OF THE COURT
                               UNITED STATES DISTRICT COURT
                               EASTERN DISTRICT OF VIRGINIA