IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE STAR SCIENTIFIC, INC. SECURITIES LITIGATION | Master File No. 3:13-CV-00183-JAG<br><br>CLASS ACTION |

# FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Preliminary Approval Order of this Court, dated March 2, 2015, on the application of the Parties for approval of the Settlement set forth in the Amended Stipulation of Settlement, dated as of February 5, 2015 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased or otherwise acquired Star Scientific securities during the period between May 10, 2011, and September 12, 2014, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are each and all of the Defendants and each and all of their Related

Parties. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency of Settlement, as set forth in Exhibit 1 attached hereto. For purposes of the Settlement Class, Lead Counsel is appointed Class Counsel pursuant to Fed. R. Civ. P. 23(g).

4. With respect to the Settlement Class, this Court finds for the purposes of effectuating this Settlement that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate for settlement purposes over any individual questions; (c) for settlement purposes, the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members in connection with the Settlement; and (e) a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Settlement Class, and as against

each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiff and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, Settlement Class Members, and the Defendants. Accordingly, the Settlement embodied in thc Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

7. Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Members execute and deliver a Proof of Claim and Release Form, unless such Persons have timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency of Settlement. The Parties acknowledge, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of §1542 of the California Civil Code, and of any U.S. federal or state law, foreign or international law, or principle of common law or otherwise, that is similar, comparable, or equivalent to §1542 of the California

Civil Code, was separately bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

8. Upon the Effective Date, Lead Plaintiff and all Settlement Class Members and anyone claiming through or on behalf of any of them, shall be deemed to have covenanted not to sue and are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims, whether or not such Settlement Class Members execute and deliver a Proof of Claim, except such Persons who have timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency of Settlement.

9. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, non-Excluded Class Members, and their counsel, employees, successors, and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

10. Each Defendant in this case, and any other Person (excluding only members of the Settlement Class who opt out), who may assert a claim against the Released Parties based upon, relating to or arising out of the Released Claims, are permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any such claim or claims, however denominated, including without limitation claims for contribution or indemnity, against the Released Parties, as claims, cross-claims, counterclaims, or third-party claims in the Action or in any other court, arbitration, administrative agency or forum, or in any other manner, including

but not limited to offset. All such claims are hereby extinguished, discharged, satisfied and unenforceable.

11. The distribution of the Notice of Pendency of Settlement and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

12. Any Plan of Allocation submitted by Lead Counsel or any Fee and Expense Amount shall in no way disturb nor affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and their Related Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith

settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion, or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all Parties for the purpose of construing, enforcing, and administering the Stipulation.

15. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: 6/26/15

/s/
John A. Gibney, Jr.
United States District Judge

THE HONORABLE JOHN A. GIBNEY, JR
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE STAR SCIENTIFIC, INC. SECURITIES LITIGATION | Master File No. 3:13-CV-00183-JAG |
| | CLASS ACTION |
| | **EXHIBIT 1 TO FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

**SETTLEMENT CLASS MEMBERS REQUESTING EXCLUSION**

The following Settlement Class Members have requested exclusion from the Settlement Class:

1. Gregory Olson (Request for Exclusion dated April 30, 2015);
2. Linda S. Isaacs (Request for Exclusion dated May 28, 2015); and
3. William Butler (Request for Exclusion dated June 17, 2015).